LUTHER WHITTAKER *vs.* INHABITANTS OF WEST BOYLSTON.

The fact that a person injured by reason of a defect in a highway had previous knowledge of the defect is not conclusive evidence that he was wanting in due care at the time of the accident.

On a motion for a new trial, a party cannot avail himself of a point of law not raised at the trial, as a ground for setting aside the verdict.

TORT for an injury alleged to have been sustained by the plaintiff by reason of a defect in a highway which the defendants were bound to keep in repair.

At the trial in the superior court, before *Lord*, J., it appeared that the defect was a pile of dirt, about six rods long and from one to three feet high, covering a portion of the travelled track; that it had existed for more than two years, and lay within sixty rods of the dwelling-house of the plaintiff, who had known of .its existence ever since it was created, and had passed it about sunset on the evening of the accident. Full instructions, to which no exception was taken, were given to the jury as to the care required of the plaintiff under all the circumstances, including his knowledge of the defect; and, a verdict being returned for the plaintiff, the defendants filed a motion for a new trial, for the alleged reason, among others, that the verdict was manifestly against the weight of evidence; which motion was overruled.

*L. Child*, for the plaintiff.

*J. P. Healy*, for the defendants, cited *Stanton* v. *Springfield*, 12 Allen, 566; *Hutchins* v. *Boston*, 12 Allen, 571; *Nason* v. *Boston*, 14 Allen,

The defendants then requested to be permitted to seek a determination by this court of the question " whether the fact that the plaintiff had knowledge of the existence of the defect before the accident happened, conclusively shows that he was wanting in due care ; " which was the ground on which the motion for the new trial was pressed.  The plaintiff, however, objected that no question was open for adjudication by this court.  But the judge reported the case for determination of the ·point stated, certifying in his report, that " if, as matter of law, the defendants' position in this respect is right, they are entitled to a new trial, unless their not asking for such specific instruction to the jury, and their not excepting to the instructions as given, is a waiver of their right."

*P. E. Aldrich,* for the defendants.

*H. Williams,* for the plaintiff, cited *Reed* v. *Northfield,* 13 Pick. 94–98 ; *Bigelow* v. *Rutland,* 4 Cush. 247 ; *Horton* v. *Ipswich,* 12 Cush. 488 ; *Smith* v. *Lowell,* 6 Allen, ·39 ; *Snow* v. *Housatonic Railroad Co.* 8 Allen, 441–450 ; *Meesel* v. *Lynn &· Boston Railroad Co.* Ib. 234 ; *Fox* v. *Sackett,* 10 Allen, 535 ; *Frost* v. *Waltham,* 12 Allen, 85 ; *Forsyth* v. *Hooper,* 11 Allen, 419.

BIGELOW, C. J.   The numerous authorities cited by the plaintiff's counsel show that the point of law on which the defendants relied in support of their motion for a new trial is untenable.  But if it were otherwise, they cannot avail themselves of a point of law not raised at the trial as a ground of setting aside the verdict on a motion for a new trial.  *Kidney* v *Richards,* 10 Allen, 419.  *Doyle* v. *Dixon, ante,* 213.

                                        ·        *Judgment on verdict.*