## CUTHBERT VS. THE CITY OF APPLETON.

*Defective highway — Pleading — Contributory negligence.*

1, In an action for injuries resulting from a defective highway, a denial in the answer, that, on the day specified, the highway was "in a dangerous condition to travelers exercising ordinary care and diligence," *held* not a sufficient denial that it was out of repair.

2. It was not error to refuse an instruction that "if plaintiff knew [at some previous time] of the defect in the highway, he was bound to exercise care and diligence in passing thereon, *until he knew it was repaired,*" etc., the jury having been instructed that if plaintiff knew of the defect he could not recover unless he was "passing carefully, thoughtfully and prudently, with intent to avoid the danger which he knew."

3. A judgment will not be reversed for the admission of improper evidence, if it is clear that the verdict was not affected by it.

APPEAL from the Circuit Court for *Outagamie* County.

Action for injuries to plaintiff's person caused by a defective sidewalk in the defendant city. The averments of the pleadings in respect to the condition of such sidewalk are stated in the opinion. On the trial, plaintiff, as a witness for himself, testified that he was a music teacher, played on the piano, organ and melo-

deon, repaired instruments and tuned pianos, and that he could now strike only seven notes, whereas, before the injury, he could strike nine, and that, in consequence of this, he thought he "could not do half as much as he could before;" that previous to the injury he had received $200 per annum for tuning pianos, but he "could not do that at all now." Another witness for plaintiff, who was also a music teacher, testified that inability to strike more than seven notes would disable a teacher from playing some pieces of music, and from giving satisfactory examples to his pupils; and that $5,000 would be "a round sum for such an injury." This evidence was received against defendant's objection. The evidence as to the actual damages is stated in the opinion. Plaintiff also testified that on the night of the accident he was on his way home, between seven and eight o'clock; that he slipped into a hole in the sidewalk, fell on his right side, and broke his arm; that it was a very dark and stormy night, with thunder, lightning and rain; that he had not been there before for two or three days; that he knew there had been a dangerous hole in the sidewalk there; that two days before the accident happened, he heard a conversation between one West, the street commissioner, and one Smith, who owned the lot in front of which the accident occurred; that West asked Smith to repair the sidewalk, and told him that if he did not do it he (West) would make him do it; that West "spoke so cross" that witness "supposed after that it was done." On cross-examination, he said that he frequently passed this bad place in the sidewalk, and knew of it for two months before; that he went by there in evenings, but not always; that he thought he went upon the railroad track the night before; could not say which way he went the day before that; that, at the time of the conversation between West and Smith, the latter did not promise to go right to work and repair the walk, but said he would take his

own time; that he (witness) was frightened at the lightning and thunder; that he was forty feet from the place where he fell, when the last flash of lightning occurred; that he did not remember seeing said hole in the sidewalk open often; that it was about two feet wide, and that he might have passed along the walk previously on that day. On re-direct examination, he said: "There was no light, and nothing to warn people of the dangerous condition of the sidewalk. If I had not supposed it had been repaired, I should have taken the center of the road. I was not aware there was any danger then." The rest of the evidence need not be stated.

The instructions given and refused by the court will sufficiently appear from the opinion. Verdict for the plaintiff, assessing his damages at $500; new trial denied; and judgment upon the verdict; from which the defendant appealed.

*Geo. H. Myers*, for appellant, to the point that the court erred in admitting in evidence witness's opinion as to prospective damages, cited *Lincoln v. S. & S. R. R.*, 23 Wend. 425; *Giles v. O' Toole*, 4 Barb. 261; *Fish v. Dodge*, 4 Denio, 315; *Doolittle v. Eddy*, 7 Barb. 75; *Morehouse v. Matthews*, 2 Comst. 514; *Lamoure v. Caryle*, 4 Denio, 370. To the point that plaintiff was guilty of contributory negligence which should have prevented a recovery, he cited *Steves v. O. & S. R. R. Co.*, 18 N. Y. 422; *Wilds v. Hudson River R. R. Co.*, 24 id. 430; *Rothe v. R. R. Co.*, 21 Wis. 256; *Potter v. Railway Co.*, id. 372; *Achtenhagen v. City of Watertown*, 18 id. 331.

*Hudd & Wigman*, for respondent.

Cole, J. For the purposes of this case, it may be conceded that the question put the plaintiff while testifying in his own behalf, as to the amount of prospective damages he, as a music teacher, had sustained by the injury to his wrist, was improper. It is very evident

that the jury were not influenced in the least by his answer to the question, since they gave him no prospective damages whatever. The plaintiff testified that he actually lost, in consequence of the injury, $515 ; and the jury rendered a verdict for only $500, less than the actual damages which the plaintiff had sustained at the time of trial. So the defendant was not prejudiced by the answer, even if it was improper testimony.

Another objection taken is to the instruction which the court gave, at the request of the plaintiff, as to the effect of the answer. The court charged that the pleadings of the defendant admit that the sidewalk mentioned in the complaint became and was out of repair on the 17th day of July, 1867, and so remained till the 17th day of September following, when the accident to the plaintiff happened. It appears to us that this was a correct construction of the averments in the answer. It is admitted therein that, about the 19th day of July, 1867, the sidewalk along the south side of College avenue, at the place in the complaint mentioned, became and was out of repair. Then, after some other averments, it is alleged that the sidewalk at the place mentioned was not, on the 17th day of September, 1867, "in a dangerous condition to travelers thereon, exercising ordinary care and diligence," but that, on the contrary, the same was "safe and secure to all persons passing or traveling thereon, with reasonable and ordinary care and prudence." This is certainly admitting that the sidewalk was out of repair when the accident happened, and only denying that it was in a dangerous condition to persons traveling thereon, who exercised proper care and diligence.

The defendant asked the court to charge the jury that, if the plaintiff knew of the defect in the sidewalk, he was bound by law to exercise care and diligence in passing thereon until he knew said walk was repaired, and if he failed to do so at the time of sustaining the injury mentioned in the complaint, he could not recover. The court declined to give this instruction in the language asked,

although it did instruct the jury that, if the plaintiff knew of the defect in the sidewalk, he was entitled to recover only in case they found from the evidence that he was passing along the walk carefully, thoughtfully and prudently, with intent to avoid the danger which he knew was in the way. And the same proposition is substantially laid down in another part of the charge, that, if the plaintiff, knowing of the defect in the walk, was passing thereon carelessly, recklessly, and without thought of such defect or caution to avoid it and safely pass over it, then judgment must be for the defendant. If there is any essential difference between the instruction asked and refused and those subsequently given, it must be that, by the former instruction, the court was asked to charge that, if the plaintiff once had knowledge that the walk was defective, he was bound to remember that its condition was dangerous whenever passing over it, and was held to the exercise of a higher degree of care until he knew that in fact the walk had been repaired; and that, if he failed to do this at the time of the accident, he could not recover. Now, it is very obvious that the plaintiff might know of the previous dangerous condition of the walk—that is, he might have passed along there before and seen that it was defective, and yet he might not have recollected this fact when passing there in the night-time, with his mind and attention directed to other things by the storm and darkness. It is said that he might have avoided the danger by taking the center of the highway, and that he was bound to do so until he knew the walk was repaired. But he might not have remembered, at that precise moment, that the walk was out of repair; or he might well have supposed that it had been repaired, from the conversation he had heard a day or two before between Smith and the street commissioner about having it repaired. At all events, we do not think he was bound to know when the walk was repaired; nor, because he had previous knowledge that it was defective, was he bound to always bear that fact

in mind, and take extraordinary and unusual care to avoid an accident at that place. He was required to exercise proper care and diligence in passing along there, and so the court charged the jury. It appears to us that the defendant has no reason to complain of the ruling of the court upon this point. *Whittaker v. Boylston,* 97 Mass. 273.

Again, it is insisted that the motion for a new trial should have been granted, because the plaintiff's own testimony showed that his own negligence contributed to produce the injury. The question whether the injury was occasioned, in whole or in part, by the plaintiff's negligence, was fairly submitted to the jury upon the evidence. The jury found by their verdict that he was free from negligence, and we think this finding is right upon the facts. There was, therefore, no error in denying the motion for a new trial upon that ground.

It follows from these views that the judgment of the circuit court must be affirmed.

*By the Court.*—Judgment affirmed.