Cantwell vs. The City of Appleton.

CANTWELL, Respondent, vs. THE CITY OF APPLETON, Appellant.

*March 27 — April 17, 1888.*

MUNICIPAL CORPORATIONS: PLEADING: NEGLIGENCE. *(1) Claim for damages: Appeal: When formal pleadings necessary. (2) Defective sidewalk: Actual notice: Liability for injury: Charter construed. (3) Contributory negligence.*

1. The plaintiff, having been injured by reason of a defective sidewalk, filed with the city clerk a claim for damages containing all the essential elements of a good complaint. The claim not being allowed, she appealed to the circuit court. *Held,* that there was no error in refusing to require a formal complaint to be filed in said court.

2. The charter of a city provided that it should not be liable for any damages arising from accidents occasioned by reason of the sidewalks or streets being in a defective or dangerous condition, unless one of the officers of the city had actual knowledge of the defect for three days prior to the accident. *Held,* that where officers of the city had actual knowledge of a dangerous excavation in a sidewalk, and neglected to erect a barrier or warning to prevent people from falling therein, the city was liable for the consequences of such neglect, even though the defect had existed but a few hours.

3. The fact that the plaintiff in broad daylight walked into an excavation extending across a sidewalk on the principal thoroughfare of a city, there being no barriers and no dirt or other object upon the sidewalk to indicate the presence of the excavation, is *held* not to be conclusive proof of contributory negligence.

APPEAL from the Circuit Court for *Outagamie* County.

During the forenoon of June 18, 1885, as the plaintiff was walking east on the north side of College avenue, which is one of the principal streets in the defendant city, she fell into an excavation extending across the sidewalk, and was injured. On the 20th of the same month she filed with the city clerk a notice of such injury, specifying the place where it occurred and the nature of the defect in the sidewalk which occasioned it. On July 22, 1885, she also filed

in the office of such city clerk a claim for $2,000 damages for such injuries. This claim contained all the essential requisites of a complaint in an action to recover such damages. On the same day the common council referred such claim to a committee. After the expiration of sixty days from the presentation of such claim, the council having failed to take any further action thereon, the plaintiff duly appealed to the circuit court pursuant to the provisions of the city charter. Laws of 1876, ch. 47, subch. 5, secs. 25–27.

The cause being called for trial in the circuit court, a motion was made on behalf of the defendant that the plaintiff be ordered to file and serve a complaint in the action. This motion was denied, and the cause was tried without further pleadings.

It appeared on the trial that the excavation was made by the Appleton Water-Works Company, on the morning of the day on which the plaintiff was injured, for the purpose of making connections in a store abutting the sidewalk at the place of the injury. It was about two and one-half feet wide, and six feet deep, and extended across the walk, which was about twelve feet in width. The waterworks company had authority, under an ordinance of the city, to make the excavation for that purpose. No barrier was placed on either side of the excavation to prevent persons passing along the walk from falling into it. An objection to the admission of any evidence under the complaint was overruled, and a motion for a nonsuit denied. No exceptions were taken to the instructions given by the court to the jury, and no instructions were proposed on behalf of the defendant. The jury found for the plaintiff, and assessed her damages at $600. A motion for a new trial was denied, and judgment entered pursuant to the verdict. The defendant city appeals from the judgment.

*Samuel Boyd*, for the appellant, contended, *inter alia:*

Cantwell vs. The City of Appleton.

(1) The court should have required a formal complaint to be filed, so as to allow the defendant to answer, demur, or interpose any of the defenses allowed by statute, as in other cases. The writing treated as a complaint in this case is simply a bill or account in which the plaintiff is creditor and the defendant debtor. It does not give the title of the cause, specify the name of the court in which the action is brought, the name of the county in which it is to be tried, or the names of the parties — plaintiff and defendant — as required by sec. 2646, R. S. (2) A nonsuit should have been granted, there being no proof that any city official had knowledge of the defect, if any, for three days prior to the accident. *McFarlane v. Milwaukee*, 51 Wis. 691; *Raymond v. Sheboygan*, 70 id. 318, and cases cited. (3) If the persons making the excavation were guilty of negligence, the plaintiff was still bound to use ordinary care and prudence to avoid the injury. *Hassa v. Junger*, 15 Wis. 598; *Ward v. M. & St. P. R. Co.* 29 id. 144; *Montgomery v. Scott*, 34 id. 338; *Achtenhagen v. Watertown*, 18 id. 331. If she had made ordinary and proper use of her eyes she would have avoided the injury. See *Seefeld v. C., M. & St. P. R. Co.* 70 Wis. 216.

*Leopold Hammel*, for the respondent, argued, among other things, that the section of the city charter relied upon by the defendant is invalid as an attempt to relieve a particular corporation from its liability under the general law, and as repugnant to fundamental principles of justice. *Durkee v. Janesville*, 28 Wis. 464; *Whittaker v. Janesville*, 33 id. 90; *Hincks v. Milwaukee*, 46 id. 559; *State v. Bartlett*, 35 id. 287; *Johnson v. Waukesha Co.* 64 id. 281. It contravenes sec. 9, art. I, of the constitution. If the section is held valid it should be construed strictly against the city and in favor of the public, and should not be held to relieve the city from liability in this case where the city officials had actual notice of the danger and could easily have protected

the plaintiff and other travelers. *Parish v. Eden*, 62 Wis. 272; *Bloor v. Delafield*, 69 id. 273; *Harper v. Milwaukee*, 30 id. 365; *Weisenberg v. Appleton*, 26 id. 56; *Bailey v. Spring Lake*, 61 id. 227; *Jaquish v. Ithaca*, 36 id. 108; *Winn v. Lowell*, 1 Allen, 177; *Harriman v. Boston*, 114 Mass. 241. The city is liable because of its omission of duty — because of the neglect of its officers, after actual knowledge, to protect the public from accident. See *Colby v. Beaver Dam*, 34 Wis. 285; 2 Dillon on Mun. Corp. secs. 730, 1024; *Boucher v. New Haven*, 40 Conn. 460; *Russell v. Conastota*, 98 N. Y. 496; *Requa v. Rochester*, 45 id. 129; *Klatt v. Milwaukee*, 53 Wis. 196; *Seward v. Milford*, 21 id. 485; *Alexander v. Oshkosh*, 33 id. 277; *Prideaux v. Mineral Point*, 43 id. 513; *Hubbell v. Viroqua*, 67 id. 343; Wood on Nuisances, sec. 783; *Chicago v. Robbins*, 2 Black, 422; *Rehberg v. New York*, 91 N. Y. 137.

LYON, J.   I. The refusal of the court to order the plaintiff to file a formal complaint is assigned for error. The court might have done so in its discretion; but we are aware of no rule of law which requires, in a case like this, that formal pleadings shall be interposed. The claim for damages filed with the city clerk contains all the essential elements of a good complaint. It alleges the corporate character of the defendant city, gives the location of the excavation and its dimensions, sufficiently describes the injuries the plaintiff received, charges the city with negligence in respect to the excavation, and alleges the giving of the notice of the injury required by law. Had a complaint been ordered to be filed, it would have been but a mere repetition of the contents of such claim for damages. Hence, further pleadings on behalf of the plaintiff were entirely unnecessary. The papers returned by the city clerk on the appeal to the circuit court gave the defendant all necessary information of the nature and amount of plaint-

iff's claim.  We think the alleged error is not well assigned.

II. The motion for a nonsuit was based upon two general propositions.  These are, *first,* that under a provision of the charter, which will presently be stated, there was no cause of action against the city; and *second,* that the plaintiff was guilty of contributory negligence.

1. The clause of the charter above referred to is as follows: "The city shall not be liable for any damages arising or resulting from accidents occurring by reason of the sidewalks, streets, drains, sewers, gutters, ditches, bridges, or public grounds in the city being out of repair or in a defective or dangerous condition, unless it be shown that, prior to the happening of such accident, one of the officers of the city had actual knowledge of the defect causing the accident for three days prior to such accident."

Of course no city official could have notice of such excavation three days before the accident, because it had existed but a few hours.  It was proved, however, that two aldermen of the city met near the excavation, shortly before the plaintiff fell into it, and conversed concerning its dangerous character, and one of them called the attention of the person who superintended the work to the same. The city marshal also knew of the excavation.  Notice thereof to the aldermen was notice to the city; hence the city had actual notice of the excavation.  It is very clear that the above provision of the charter has no application to this case.  Here was a dangerous obstruction to travel upon the sidewalk, which the jury might well find called for prompt and immediate action by the city authorities. If it be conceded that the charter gave the city the right to leave the excavation there three days without incurring any liability, it certainly did not relieve the city from the duty of immediately putting up some kind of a barrier or warning to prevent people falling into the pit, if the jury were of the opinion (as they doubtless were) that some barrier should have been erected.  The two aldermen who met

there could have erected the same in a few moments, as the materials therefor were at hand. The jury having found the barrier necessary to the safety of travelers there, it would be a vicious and most unreasonable construction of the charter provisions above quoted to relieve the city from liability for the consequences of the neglect of its officials to cause such barrier to be immediately erected. The case, in this particular, is like *Parish v. Eden*, 62 Wis. 272, and many other cases in this court.

2. Was it conclusively proved that the plaintiff was guilty of negligence which contributed directly to the injury of which she complains? Presumably the question of her negligence was submitted to the jury and by the jury determined in her favor. True, the plaintiff walked into the pit in broad daylight. It is not claimed that her eye-sight was defective. From these facts it was argued that she was negligent. Had the jury so found, their verdict could not be disturbed. But the proof tends to show that there was no dirt or other object upon the sidewalk to indicate the presence of the excavation. The plaintiff walked slowly, looking straight ahead, and did not see that the sidewalk had been disturbed. No one was working there at the time, and she did not know of the pit. A gentleman walking but a few feet behind her also failed to see the excavation until the plaintiff fell. Her attention might have been momentarily diverted at the time by any one of many causes, without raising a conclusive presumption of negligence against her. Moreover, she was passing along the principal thoroughfare of the city, and had no reasonable cause to fear or suspect that such an unguarded pitfall would be allowed in her path. Many facts were proved bearing upon the question of the alleged contributory negligence of the plaintiff, from which different inferences may reasonably be drawn. In such a case the authorities all agree that the question of negligence is for the jury.

We conclude, therefore, that the motion for a nonsuit was

properly overruled. This disposes of all the alleged errors adversely to the defendant.

*By the Court.*— The judgment of the circuit court is affirmed.