Simonds vs. City of Baraboo.

SIMONDS, Respondent, vs. CITY OF BARABOO, Appellant.

*March 27 — April 14, 1896.*

*Injury from defective street: Contributory negligence: Previous knowledge of defect: Instructions to jury: Appeal: Exceptions: Evidence of custom.*

1. One who was injured while driving on a main thoroughfare in a city of considerable size by reason of a defect which he had seen nearly a week before but which, as he approached at this time, was not in view until it was too late to stop his horses, was not, merely because of such previous knowledge, guilty of contributory negligence as a matter of law.

2. A charge in such case that a traveler on a highway has a right to presume it is in a safe condition was not erroneous, since, the defect being in a conspicuous place and one which might easily have been repaired, the plaintiff might reasonably have assumed that the repairs had been made.

Simonds vs. City of Baraboo.

3. Alleged errors in instructions to the jury to which no exceptions were taken cannot be reviewed on appeal.

4. Evidence of the customary way of loading and hauling wood was not admissible, on the question of contributory negligence, in an action for injuries to the driver of such a load, alleged to have been caused by a defect in a street.

APPEAL from a judgment of the circuit court for Sauk county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

This action was to recover compensation for personal injuries alleged to have been received by plaintiff because of a defective and insufficient street in the defendant city. About eight feet of one of the beveled planks on the outer edge of a cross-walk in the traveled portion of the street had been broken out so as to leave a drop of about eight inches from the top of such cross-walk to the surface of the street at that point. Plaintiff approached such crossing from the side opposite the defect, driving a span of horses drawing a wagon loaded with block wood; the sticks, about sixteen inches long, piled crosswise about two feet high on the wood rack, with a loose board bottom and side boards, but with no support at the ends. He was seated on top of the wagon, two or three feet from the front end, with his feet up on the load. He could not see the defect as he approached it until too late to stop his horses. He had seen the defect about a week previous, but did not think of it at the time in question. The horses passed over the crossing at a walk. As the front wheels of the wagon dropped, part of the front tier of wood fell off, striking the horses and causing them to run, and by reason of the fall of the wood, and the tendency of other wood to fall, plaintiff was unable to manage the team, and in his effort to do so he slid off the load onto the tongue, and from there to the ground, breaking his arm, and inflicting other bodily injuries upon him. Verdict was rendered in his favor. Exceptions were taken

Simonds vs. City of Baraboo.

raising the questions here considered. Judgment was rendered in his favor, from which this appeal was taken.

*R. D. Evans*, for the appellant.

For the respondent there was a brief by *Bentley & Bentley* and *H. Grotophorst*, and oral argument by *F. R. Bentley* and *Mr. Grotophorst*.

MARSHALL, J.  The plaintiff testified that he knew, prior to the accident, of the existence of the defect; and, based on such evidence, a motion was made at the close of plaintiff's case for a nonsuit.  It is insisted here that the denial of such motion was error, citing Beach, Contrib. Neg. § 37; *Bruker v. Covington*, 69 Ind. 33; *Gilman v. Deerfield*, 15 Gray, 577.  Beach lays down the rule (1st ed. sec. 12), in effect, that where one knows the danger, but temporarily forgets it, and in consequence suffers an injury, his forgetfulness will not avail him as an excuse; that what he knows he must remember at his peril, and that a failure to remember constitutes contributory negligence if it occasions injury.  But this is not supported by reputable authorities anywhere, and has been expressly repudiated by this court. *Wheeler v. Westport*, 30 Wis. 392.  No stronger case, probably, can be found to support the text in Beach than *Gilman v. Deerfield*, *supra*.  There plaintiff was well acquainted with the defect; he had passed over it several times within a short period prior to the accident; the last time he observed its character particularly, and so fully appreciated the danger that he deemed it necessary to drive over the defect at a walk and with care.  It was so situated as to be in plaintiff's view for several rods before he reached it.  His horse was a quick, high-spirited animal, accustomed to start quickly.  He approached the defect on a trot, going at the rate of five or six miles an hour, so carelessly that he could not afterwards remember whether he was driving with a

slack or tight rein. He was a doctor, on the way to visit a patient, and his thoughts were on that business. He did not think of the defect in the road till it was too late to stop his horse. Held, under these facts, that failing to remember constituted contributory negligence as a matter of law. Yet in *Wheeler v. Westport, supra,* this court held that the Massachusetts court in that case "carried the doctrine of forgetfulness of the existence of a defect or obstruction as conclusive evidence of contributory negligence to the very extreme of reason and sound policy;" and, as there shown, that court has not extended the rule, but has often since held that previous knowledge was not of itself conclusive evidence of contributory negligence. In fact the rule of *Gilman v. Deerfield* has been so fenced in by subsequent decisions as to be practically overruled. *Whittaker v. West Boylston,* 97 Mass. 273; *Smith v. Lowell,* 6 Allen, 39; *Blood v. Tyngsborough,* 103 Mass. 509; *Brigham v. Worcester Co.* 147 Mass. 446. To the same effect are *Weed v. Ballston Spa,* 76 N. Y. 329; *Bassett v. Fish,* 75 N. Y. 303; *Driscoll v. New York,* 11 Hun, 101; *Dorsey v. Phillips & C. Const. Co.* 42 Wis. 583; *Cuthbert v. Appleton,* 24 Wis. 383. In this case the defect was not in view of the plaintiff till it was too late to stop his horses; he had seen it but once before; it was on a main thoroughfare in a city of considerable size, where one might reasonably presume such a defect would be promptly repaired. Certainly, in view of these facts, notwithstanding previous knowledge, the question of contributory negligence was for the jury.

It is said the court erred in failing to charge the jury on the subject of notice, but the fact of notice to the defendant was conclusively established by the evidence; therefore there was nothing to submit to the jury on that subject.

The charge of the court that the traveler on a highway has a right to presume it is in a safe condition was excepted to as erroneous in view of plaintiff's knowledge of the con-

dition of the street; but, in view of the facts, the charge was proper. *Weed v. Ballston Spa*, 76 N. Y. 329. That such is ordinarily the rule is not questioned, and notwithstanding the fact that plaintiff had seen the defect about a week previous to the date of his injury, it being in a conspicuous place and of such a character that a very little time and expense were sufficient for its repair, he well might reasonably have assumed that the repairs had been made.

It is claimed that the court erred in instructing the jury on the subject of damages recoverable for future disability. The charge in that respect is subject to criticism, but no objection was taken; hence the error cannot be reviewed on this appeal.

In respect to the question of contributory negligence, the court, against defendant's objection, admitted evidence of the customary way of loading and hauling wood. The general rule, subject to many limitations and exceptions, is that evidence of custom bearing on the fact of negligence, when such fact is in issue, is admissible. Whart. Neg. § 46; Black, Proof & Pl. § 36; Bailey, Master's Liability, 527, and cases cited.

There is considerable conflict of modern judicial authority on the subject, though the trend of decisions has been rather in favor of a liberal application of the general rule, yet preserving rigidly the exceptions thereto. Such general rule has been followed in this court. See *Jochem v. Robinson*, 72 Wis. 199; *Nadau v. White River L. Co.* 76 Wis. 120,— where the evidence was held admissible. And the exceptions to and limitations of the rule have been recognized as well. See *Dorsey v. Phillips & C. Const. Co.* 42 Wis. 583, where proof of custom was held immaterial; and *Hinton v. Cream City R. Co.* 65 Wis. 323; *Mulcairns v. Janesville*, 67 Wis. 24; and *Colf v. C., St. P., M. & O. R. Co.* 87 Wis. 273,— where the evidence was held not admissible. At the foundation of the rule lies the idea that the act constituting the

subject of the custom is one in respect to which the manner of doing it is not a matter of common knowledge. If this were lost sight of, and evidence allowed to prove the customary way of doing anything, however common, a rule which, restricted within reasonable limits, promotes the due administration of justice, would be quite likely to have the very opposite effect.

It is the judgment of the court that the admission of evidence of the customary way of doing an act so common, so ordinary, and so usual as that of loading and hauling wood is within the exceptions to the general rule admitting such evidence, or, to state it more accurately, is a departure from the rule itself; that the evidence in that regard, freely admitted in this case by the trial court, may probably have influenced the jury to defendant's prejudice; and therefore that such admission constitutes error, for which the judgment must be reversed.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.