Crites vs. City of New Richmond.

*By the Court.*— Judgment affirmed.

CRITES, Respondent, vs. CITY OF NEW RICHMOND, Appellant.

*November 19 — December 10, 1897.*

| 98 | 55 |
| 98 | 608 |

| 98 | 55 |
| 111 | ²356 |
| 98 | 55 |
| 117 | ²428 |

*Municipal corporations: Injury from defective sidewalk: Negligence: Evidence: Court and jury: Instructions.*

1. In an action against a city for personal injuries caused by a defect in a sidewalk, evidence that there was plainly visible in a very generally traveled sidewalk, at the place where the accident occurred, a hole large enough to admit a man's foot, and that it had existed there for about a year, is sufficient to sustain a verdict finding the city guilty of negligence.

2. The mere fact that the plaintiff in an action for such injury had previous knowledge of such defect,— frequently saw it and considered it to be dangerous,— does not establish contributory negligence on his part, as a matter of law. Though he knew of it, he was not bound at all times, by day or night, when passing over such walk to bear the defect in mind; and if an injury occurred when his attention was momentarily diverted by other matters, the question of contributory negligence was one for the jury to decide upon all the facts.

3. In all cases where the inference of contributory negligence or the absence of it is in doubt, giving the testimony the construction most favorable to the party charged therewith, the question is for the jury. In order to warrant a nonsuit, or an absolute direction to find for the defendant, on the ground of contributory negli-

gence, the proof of such negligence must be clear and decisive, leaving no room for impartial and unbiased minds to arrive at any other conclusion.

4. Though contributory negligence may appear on the plaintiff's own showing, in an action for personal injuries, so as to render proof of it by the defendant unnecessary, yet an instruction that the burden of proof thereof is upon the defendant is not misleading, when the court adds that such negligence cannot be presumed in the absence of facts showing it or circumstances from which the inference can properly be drawn.

5. A surgical expert who testifies that the plaintiff's injury was a severe sprain, may properly testify as to the results which usually or even sometimes attend or follow such an injury. Such testimony, based on his knowledge or experience, cannot fairly be regarded as speculative or conjectural.

APPEAL from a judgment of the circuit court for St. Croix county: E. B. BUNDY, Circuit Judge. *Affirmed.*

This was an action brought to recover damages which the plaintiff claims to have sustained in consequence of a personal injury received by him while traveling on a sidewalk in the defendant city, on and along the east side of Arch street, which, it was alleged, was defective, insufficient, and in want of repair, and which the defendant negligently and knowingly suffered and permitted for a long time previously to be and remain in such defective and insufficient condition. The defendant alleged that the plaintiff's injury was caused, by his own fault and negligence.

On the trial before a jury, it appeared, in substance, that the street and sidewalk in question were very generally traveled and used, and the sidewalk was on the most usual and direct route from the plaintiff's home to the business places in the city. The walk was five feet wide, and the planks, about sixteen feet long, were laid north and south, and varied in width from four to eight and ten inches. They were full of knot holes and had wany sides, and, where the plaintiff was injured, there was an incline or grade in the walk for about four rods, of about two and one half feet.

Crites vs. City of New Richmond.

He was going up the incline at the time on his way home,
walking along, "not just thinking," and his acquaintance,
Mr. Heffron, was coming down on the opposite side of the
street, going to his work, and the plaintiff spoke to him, and
said, "What's your hurry?" and he replied, "I am in a
hurry to go down to the shop;" and just then the plaintiff
stepped into a hole in the walk on the side of a plank large
enough to admit his foot, and his ankle was turned in the
hole, causing the injury complained of. There was a hole
there, and a broken plank, and there was a knot across the
plank about sixteen or eighteen inches from the end of it,
and it broke right down; and he stepped on the side of the
other plank, and turned his ankle right down, and fell
against the fence. The break in the plank was about eight
inches wide. It was broken clear off, about sixteen or
eighteen inches from the end, and about two or three feet
from a sleeper to the long end of the broken plank. The
depression or hole was six or seven inches deep at the deep-
est place. When the plank broke down it bound on top, so
that it did not rise back again.

The plaintiff testified that he first saw the hole over a year
before the injury, and had "avoided it after that every time
I thought of it, and I would try to go over on one side or
the other; I thought it was a dangerous place, that ought
to be avoided;" that he noticed it pretty nearly every time
he traveled up and down the street, which was several times
a day,— two or three times a day,— and he had traveled it
by night frequently; that there was a sidewalk on the other
side of the street. He further testified that he was not at
the time looking where he stepped, and was looking at Mr.
Heffron, on the other side of the street; might have taken
eight or ten steps, or fifteen, after speaking with him, and
kept walking along at an ordinary gait. Other evidence was
given descriptive of the condition of the walk and hole, and
tending to show that the mayor and aldermen of the defend-
ant city had notice of its existence.

Dr. Wade was called, and testified to the treatment he had given the plaintiff's ankle for the injury; that it was a sprained ankle; that sprains are where two bones come together to form a joint, and one bone is forced from its natural position with the other, and the ligaments are either ruptured or badly stretched; that he found the ankle swollen, and the plaintiff was suffering a good deal; that he was confined to the house, where he saw him a number of times, and was afterwards put on crutches; that from what he observed and learned of the case, from his first consultation, and from objective symptoms, it was a severe sprain, the usual consequence of which is that the member is usually weakened from the rupture, and the ligaments are strained, so that it leaves the joint lax, and makes it weaker; that the limb at the present time was smaller than the other; still had lameness in it. In answer to questions propounded by the plaintiff's counsel as to whether the ligaments sometimes became torn off or stretched so that they never resumed a normal condition, he answered, against the objection of the defendant, in the affirmative; also, to a similar question, that "in a severe sprain the ligaments *sometimes* tear off pieces of the bone of the joint, and that *sometimes* a sprain may be more serious than a fracture,— that is, the injury, the sprain, may couple with it, or in addition to the sprain you have a fracture, which, of course, makes it worse than a simple fracture;" that the weakened condition of the limb remains usually for a considerable length of time; that the joint was liable to be, and would be, weak for quite a long time, probably two or three years, and would afterwards be more liable to injury than a healthy joint, and might trouble the plaintiff, especially in stormy weather.

After the plaintiff had rested, the defendant moved for a nonsuit on the ground that it appeared from the evidence that the plaintiff was guilty of negligence which contributed to the injury. The motion was denied. After the conclusion of the testimony, counsel for the defendant requested

the court to direct a verdict in its favor on the ground that there was no negligence on the part of the defendant, and that the plaintiff's injury was caused by his own negligence; but the motion was denied.

The court charged the jury, among other things, "that the depression or defect in the walk claimed appeared to be open and visible, and the plaintiff stepped into it in broad daylight, and might have seen it if he had looked; but that a person is not necessarily to be held guilty of negligence because he does not every instant keep his eyes on the walk before him, and keep in his mind every instant the fact that there is a dangerous defect in the walk over which he is passing. If his mind and attention and eyes are for a moment diverted to some object, and he removes his eyes from the walk, and, while so diverted, he walks into a hole which he might and would have seen had he been looking, it does not necessarily follow from this fact that he was negligent. He may or may not be negligent, according to the facts surrounding the case; and this is a question of fact for you to determine,— whether or not the plaintiff was negligent in this case." "The burden of proving contributory negligence is upon the defendant. It is not to be presumed in the absence of facts and circumstances from which an inference that the plaintiff was guilty of it can be properly drawn."

The jury gave a verdict for the plaintiff for $500, and a motion for a new trial on the ground of the rulings above set forth was denied, and the plaintiff had judgment, from which the defendant appealed.

For the appellant there was a brief by *W. F. McNally* and *S. N. Hawkins*, and oral argument by *Mr. McNally*.

For the respondent the cause was submitted on the brief of *Smith & Oakes*.

PINNEY, J. 1. The question whether the defendant city had been guilty of negligence in not repairing and keeping

the sidewalk in question in safe and proper condition, which was the proximate cause of the plaintiff's injury, was submitted to the jury under proper instructions, and the evidence was clearly sufficient in this respect to sustain the verdict.

The mere fact that the plaintiff had previous knowledge of the defect in the sidewalk, and was familiar with it, and considered it dangerous, does not establish contributory negligence as a matter of law. *Salzer v. Milwaukee*, 97 Wis. 471; *Simonds v. Baraboo*, 93 Wis. 40. The defect was not one that could be regarded as imminently dangerous, and, as held in *Wheeler v. Westport*, 30 Wis. 392, and *Cuthbert v. Appleton*, 24 Wis. 383, the plaintiff was not bound at all times, by day or by night, when passing over the walk, to bear in mind the defect in it, and think of it, though he knew it was there and considered that it was dangerous. The plaintiff's mind may have been busied with some train of thought until he was in close proximity to the defect or hole, when he was made conscious of the presence of his acquaintance Heffron on the other side of the street, and whom he accosted, when a hasty colloquy occurred, during which he looked at his acquaintance, and did not look at the walk or for the hole, walking along perhaps ten or fifteen steps, when he stepped in the hole and received his injuries. That the events thus detailed should have occurred as stated by the plaintiff is quite natural, and that his attention should have been momentarily diverted and occupied by his meeting his acquaintance and what passed between them. The case in this respect is quite like the cases of *Cumisky v. Kenosha*, 87 Wis. 286, and *Barstow v. Berlin*, 34 Wis. 357. The existence of the defect may not, under the circumstances, have occurred to his mind. Whether he was guilty of contributory negligence or not was a question for the jury, and depended upon the inferences which the jury might fairly draw from all the facts and circumstances in evidence, and the opinion they might

form as to the prudence of his conduct.    In all cases in which the inference of contributory negligence, or the absence of it, is in doubt, giving to the testimony the construction most favorable to the party charged therewith, the question is for the jury.    In any event, the proof of contributory negligence must be clear and decisive, not leaving room for impartial and unbiased minds to arrive at any other conclusion, in order to warrant a nonsuit or an absolute direction to the jury on the ground of contributory negligence.    *Kaples v. Orth*, 61 Wis. 533; *Valin v. M. & N. R. Co.* 82 Wis. 6; *McDougall v. Ashland S.-F. Co.* 97 Wis. 382, and cases cited.

The only evidence as to the manner in which the accident occurred was, substantially, that of the plaintiff.    The court charged the jury that the burden of proving contributory negligence was on the defendant.    While contributory negligence may appear on the plaintiff's own showing, so as to render proof of the fact on the part of the defendant unnecessary, we do not think that the instruction was misleading, in view of the state of the proof and the fact that the court instructed the jury that "contributory negligence could not be presumed in the absence of evidence showing it, or facts and circumstances from which an inference that the plaintiff was guilty of negligence can be properly drawn." We think that the charge on this point, on the whole, is free from objection.

2. We think that the testimony of Dr. Wade, objected to, was properly admitted.    He had testified as to the character and nature of the injury, and that "it was a severe sprain." He was a surgical expert, and had attended the case.    It was competent to ask him what results usually, or even sometimes, accompany or follow such an injury.    This was expert evidence, based upon the knowledge and experience of the witness as a physician and surgeon and his knowledge of the particular case.    It is not fairly to be regarded as speculative or conjectural.    The defendant had ample op-

portunity to cross-examine the witness and test the fairness of his evidence.

The record does not show any material error, and we have arrived at the conclusion that the judgment is correct and should be affirmed.

*By the Court.*— The judgment of the circuit court is affirmed.