CHANT, Respondent, vs. CLINTON TELEPHONE COMPANY, Appellant.

*January 10—January 29, 1907.*

*Telephones: Construction of lines: Use of highways: Negligence: Contributory negligence: Statutes: Construction.*

1. Ch. 505, Laws of 1905 (sec. 1778, Stats. 1898, as amended), authorizes the construction and maintenance, upon certain terms and conditions, of telephone lines upon public highways, but provides that no such telephone line or any appurtenance thereto "shall at any time obstruct or incommode the public use of any road, highway, bridge, stream or body of water;" and sec. 1329a provides that all wires strung on poles shall be not less than twenty-four feet above the ground at all crossings, and not less than fourteen feet above the ground at all other places.   Plaintiff was moving his threshing machine drawn by a traction engine along a highway, the grain elevator thereof extending fourteen and one-half feet above the surface of the traveled track, when it came in contact with, and was injured by, a guy wire maintained by defendant telephone company which was originally fifteen feet and six inches at one end and sixteen feet at the other above the surface of the traveled track, but which had sagged so that it was only about thirteen feet above such track.   There was evidence that plaintiff did not know that the guy wire would strike the elevator

of the threshing machine, that he was guiding his engine and giving it attention in order to keep it in the traveled track and out of the ditch, that there was a strong wind blowing the smoke into his face, and that he did not see the wire. *Held:*

(1) Defendant was guilty of negligence.

(2) It could not be said as matter of law that plaintiff was guilty of contributory negligence.

2. In such case it could not be said that the damages were caused by the engine being used in drawing the threshing machine, nor that the engine contributed to the injury complained of, and hence sec. 1347b, Stats. 1898 (which, in enumerated cases, makes the owner of any steam engine liable for damages that may be caused by propelling such engine along a highway), had no application to the case presented.

Appeal from a judgment of the circuit court for Rock county: B. F. Dunwiddie, Circuit Judge. *Affirmed.*

This action was brought to recover damages alleged to have been caused by the improper construction and maintenance of a guy wire extending across a public highway. The action was commenced in justice's court, and on appeal tried in the circuit court. The complaint alleges, in effect, the corporate existence of the defendant; that on or before the 8th day of September, 1905, it had wrongfully and negligently erected, kept, and maintained a strong wire, contrary to the laws of the state of Wisconsin, running across the Beloit and Milwaukee highway, in the town of Turtle, Rock county, Wisconsin; that such wire came in contact with the grain elevator of the plaintiff's threshing machine, broke and demolished the same, and rendered it useless, in consequence of which plaintiff sustained damages in the sum of $142. The defendant answered denying the allegations of the complaint, and also setting up a counterclaim alleging damages for destroying its guy wire and post to which the same was attached in the sum of $10. Upon trial in circuit court a verdict was found in favor of the plaintiff for $74.80. Defendant moved for a new trial on the grounds (1) that the verdict was contrary to law and (2) contrary to the evidence, which motion was de-

nied and judgment rendered in favor of the plaintiff on the verdict, from which this appeal was taken.

For the appellant there was a brief by *Whitehead & Matheson,* and oral argument by *J. M. Whitehead.*

For the respondent there was a brief by *Pierce & Fisher,* and oral argument by *C. E. Pierce.*

KERWIN, J. The only questions for consideration upon this appeal are (1) negligence of the defendant, and (2) contributory negligence of the plaintiff. The defendant for about two years prior to the time of the injury complained of had been maintaining a telephone line upon a public highway described in the complaint, and had strung one of its guy wires across such highway at a distance of about fifteen feet six inches at one end and sixteen feet at the other above the surface of the traveled track. When the injury occurred plaintiff was moving his threshing machine drawn by a traction engine along such highway, and in passing under the defendant's guy wire, while in the middle of the highway and upon the traveled track, the grain elevator of his threshing machine came in contact with said guy wire and was damaged.

1. It is contended on the part of the appellant that there is not sufficient evidence to warrant the jury in finding that defendant was guilty of negligence. Sec. 1778, Stats. 1898, as amended (ch. 505, Laws of 1905), authorizes the construction and maintenance, upon certain terms and conditions, of telephone lines upon public highways, but provides that no such telephone line or any appurtenance thereto "shall at any time obstruct or incommode the public use of any road, highway, bridge, stream or body of water;" and sec. 1329a provides that all wires strung upon poles shall be not less than twenty-four feet above the ground at all crossings, and not less than fourteen feet above the ground at all other places. There can be no doubt that the defendant was bound to construct and maintain its wires so as not to incommode the pub-

lic use of the highway in question. *Wilson v. Great S. T. &
T. Co.* 41 La. Ann. 1041, 6 South. 781; *Dickey v. Maine T.
Co.* 46 Me. 483.  There is evidence tending to show that this
wire during the spring and summer immediately preceding
the injury had been swinging loose and was considerably
sagged, so that it was only thirteen feet above the surface of
the traveled track; that a person traveling on the highway
upon a load of hay would have to stoop down and raise the
wire up in order to pass under it; that it began to sag soon
after it was put up, and kept on getting worse up to the time
of the injury; that the plaintiff's grain elevator extended
about fourteen and one-half feet above the surface of the trav-
eled track, and that it was customary to draw such machines
upon the highway in going from one job to another; that the
wire struck the elevator about thirteen feet above the surface
of the highway, causing the damage complained of.

2. It is contended, however, upon the part of appellant that
the plaintiff was guilty of contributory negligence because the
wire had been maintained upon the highway for upwards of
two years with the knowledge of plaintiff, and, further, that
he should have taken his grain elevator down while going
from one job to another.  It cannot be said as a matter of
law upon the evidence produced that it was negligence to
move a machine along the highway in question with elevator
in such position, since, had the wire been properly constructed
and maintained, it would not have come in contact with the
elevator.  There is evidence tending to show that plaintiff
did not know that the wire was so maintained as to strike the
elevator of his machine, and, besides, he was guiding his en-
gine and giving it attention in order to keep it upon the trav-
eled track and out of the ditch; that there was a strong wind
blowing the smoke in his face, and he did not see the wire.  If
plaintiff did not know that the wire had sagged so as to be in
a position to strike the elevator, or if his attention was di-
verted in managing his engine, so that he did not remember

the defect and was not guilty of want of ordinary care in not remembering, he was not guilty of contributory negligence. *Cuthbert v. Appleton,* 24 Wis. 383; *Crites v. New Richmond,* 98 Wis. 55, 73 N. W. 322; *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087; *Collins v. Janesville,* 117 Wis. 415, 94 N. W. 309; *Coppins v. Jefferson,* 126 Wis. 578, 105 N. W. 1078.

We are also cited to sec. 1347*b,* Stats. 1898, which makes the owner of any steam engine liable for damages that may be caused by propelling such engine along a highway. But we are clear that the statute referred to has no application to the case before us. No damage was caused by the engine being used in drawing the machine, nor did it in any way contribute to the injury complained of. The issues raised by the pleadings were submitted to the jury, and they found in favor of the plaintiff and assessed his damages at $74.80. We think the verdict is well supported by the evidence, and therefore the judgment must be affirmed.

*By the Court.*—The judgment of the court below is affirmed.