Bereiter, Respondent, vs. Village of Abbotsford, Appellant.

*February 2—February 19, 1907.*

*Villages: Injury from defective sidewalk: Notice of defect: Special verdict: Reading statute to jury: Immaterial error.*

1. In an action against a village for injuries from a broken plank in a sidewalk, it being found in a special verdict that the street commissioner had actual notice of the defect long enough to have enabled the defendant, in the exercise of ordinary care, to repair it before the accident, and there being no dispute that the commissioner had such notice at least five days prior to the accident, it was not error to refuse to submit a question in the special verdict as to when the plank which caused the injury was broken.

2. The reading to the jury in such case, by plaintiff's counsel in the course of his argument, of sec. 909, Stats. (1898), relating to the duty of street commissioner, is *held* not a prejudicial error.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

The defendant appeals from a judgment of the circuit court for Clark county rendered against it in an action for damages alleged to have been sustained by the plaintiff resulting from a defective sidewalk. Error is assigned in refusing a nonsuit and in refusing to direct a verdict for defendant, in refusing to submit a question in the special verdict calling for the time when the plank which caused the injury was broken, and in the instructions to the jury, in refusing to amend the special verdict, and in refusing a new trial, all based on the proposition that the evidence showed that the defect which caused the injury existed only in fact a short time before the incident in question, and that the defendant could not be charged with negligence either in permitting it to exist or in not discovering it and repairing it before the accident. In addition to this, it is assigned as error that the plaintiff's counsel was permitted to read to the jury during the course of the argument sec. 909, Stats. (1898).

*S. M. Marsh,* for the appellant.

For the respondent there was a brief by *R. J. MacBride* and *E. W. Crosby,* and oral argument by *Mr. MacBride.*

TIMLIN, J. From the testimony of the witness Choate, village marshal and street commissioner of the defendant, the sidewalk in question had on June 9th, 10th, and 11th two or more broken planks therein at the point where the plaintiff sustained her injury at 2 o'clock p. m. on June 14, 1904. This is not a case of charging the defendant with constructive notice and with negligence on account of the length of time the sidewalk had been allowed to remain in a defective and dangerous condition. It is a case of actual notice to the street commissioner, Choate, and through him to the village president. The witness Tenore definitely states that there was at least one broken plank on June 13th. Two other witnesses

testify to a state of facts from which the jury could have inferred that the sidewalk was in a defective and dangerous condition continually from June 9th until the time of the injury to the plaintiff. The defense details the breaking of a plank on June 14, 1904, by a wagon heavily laden with lumber passing over the sidewalk. But there was sufficient evidence from which the jury could have inferred that this broken plank was not the broken plank or defect which caused the injury to the plaintiff, and that the broken plank or defect which caused the injury to the plaintiff had existed an unreasonable length of time after the defendant had actual notice of the defect. We cannot undertake to restate all the evidence which leads us to this conclusion. There was therefore no error in refusing the nonsuit, or in refusing to direct a verdict for the defendant, or in refusing to amend the special verdict, or in refusing a new trial.

The special verdict found that the street commissioner had actual notice of the defective condition of the sidewalk long enough to enable the defendant, by the exercise of ordinary care, to have remedied it before the accident. *Cantwell v. Appleton,* 71 Wis. 463, 37 N. W. 813. There was no conflict in the evidence as to when the street commissioner had such notice. This was on or prior to June 9, 1904. It was therefore not only unnecessary but improper to submit any question in a special verdict calling for this detail of evidence. *Baxter v. C. & N. W. R. Co.* 104 Wis. 307, 80 N. W. 644.

With reference to the alleged error which consisted of reading to the jury during the course of the argument sec. 909, Stats. (1898), relative to the duty of a street commissioner in a village, we are not convinced that such reading had any effect on the verdict prejudicial to the appellant.

*By the Court.*—The judgment of the circuit court is affirmed.