### BOLEN-DARNELL COAL COMPANY *v.* ROGERS.

#### Opinion delivered May 1, 1911.

1. NEGLIGENCE—HOLE IN STREET.—Proof that defendant, operating an electric light plant, dug a hole in a street of a town for the purpose of setting a pole, and left the hole uncovered and unguarded, was sufficient to warrant a submission to the jury of the charge of negligence on defendant's part. (Page 256.)

2. APPEAL AND ERROR.—INVITED ERROR.—Appellant can not complain of error in instructions asked by appellee if the same error was repeated in instructions asked by appellant. (Page 256.)

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.—Failure of a pedestrian to discover a hole in the sidewalk will not constitute contributory negligence as matter of law, though she was momentarily inattentive, and though she could have seen the hole had she been looking at the sidewalk. (Page 257.)

4. SAME—CONTRIBUTORY NEGLIGENCE.—It was not error, in an action for injuries occasioned by falling in a hole negligently left in a sidewalk, to refuse to charge that if the plaintiff knew at the time she walked along a certain sidewalk "that said walk was rough or washed out in places then it was the duty of the plaintiff to look before she stopped, and if she fell and was injured while not looking or paying attention to where she was walking your verdict should be for the defendant;" as the rough condition of the sidewalk had nothing to do with the injuries complained of, and plaintiff's failure to look for known defects would not convict her of negligence in failing to look for unknown dangers. (Page 250.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*Vincent M. Miles,* for appellant.

1. In the light of the facts disclosed in evidence of the physical surroundings, that it was broad daylight and that any one passing along the path could see the hole, no human fore-

sight could have anticipated an accident. There was therefore no negligence on the part of appellant on which appellee could predicate a right to recover.

2. Appellee was guilty of contributory negligence. The sidewalk or path was known to her to be rough and washed out, and it was her duty to use her senses, especially that of sight, in the exercise of ordinary care for her own safety. 186 Mo. 573; 85 S. W. 532; 179 Mo. 572; 221 Pa. 294; 70 Atl. 755; 95 Va. 16; 27 S. E. 812; 80 Ill. 119; 211 Pa. 569; 61 Atl. 80; 182 Pa. 143; 40 Atl. 818; 125 Mich. 511; 84 N. W. 177; 117 Ind. 324; 20 N. W. 235; 111 S. W. 279; 54 Ia. 717; 7 N. W. 91; 34 W. Va. 848; 71 Ia. 654; 33 N. W. 160; 32 Grat. 792; 112 Ind. 153; 93 Ark. 489; 90 Ark. 387.

3. Appellant was entitled to an instruction to the effect that if plaintiff knew that the walk was rough and washed out in places, it was her duty to look where she stepped; and if she fell and was injured while not looking or paying attention to where she was walking, she could not recover. This feature of the case was not covered by any other instruction. 112 Ala. 98; 20 So. 424; 120 Mich. 295; 79 N. W. 572; 12 Ill. App. 122.

*Read & McDonough* and *George W. Dodd,* for appellees.

1. It was appellant's duty to take all necessary precautions to prevent persons using the highway, either in daytime or at night, from receiving injury. 15 Am. & Eng. Enc. of L. 435; Elliott on Roads & Streets, § 821; 97 Pac. 881.

It was appellant's duty, in the exercise of reasonable care, to cover up the hole, or erect suitable barriers or signals to prevent injuries to passers by. 5 Thompson on Neg. § § 6008, 6055; 115 S. W. 19; 215 Mo. 299.

2. Plaintiff was not guilty of contributory negligence. The jury were specifically charged that the fact that she was passing along a highway did not relieve her of the duty to exercise ordinary care to avoid danger, and that if she failed to exercise the care that a reasonable and prudent person would have exercised under the circumstances, and such conduct contributed directly to her injury, she could not recover. A pedestrian has the right to assume that the roadway is safe for travel. All that is required of him is ordinary care, and this does not necessitate his looking constantly where he is going. Contributory negli-

gence is a question of fact for the jury.  118 La. 77; 42 So. 652; 15 Am. & Eng. Enc. of L. 466 and notes; *Id.* 467; 71 Wis. 463; 37 N. W. 813; 73 Atl. 1086; 105 Me. 189; 94 Ga. 420; 20 S. E. 355; 75 Ill. App. 174; 103 Tenn. 368; 53 S. W. 734; 3 Lawson, Rights, Rem. & Prac. § 1169; 110 Mass. 334; 18 N. E. 217; 10 Wash. 464; 54 Minn. 398 and cases cited; 75 S. W. 322; 134 S. W. 957.

McCULLOCH, C. J.    The plaintiffs, Will Rogers and his wife, Ewing Rogers, joined in an action against the Bolen-Darnell Coal Company to recover damages sustained by reason of personal injuries of the wife which resulted from falling into a hole dug in the street of the town of Hartford, Arkansas, by servants of said defendant, for the purpose of setting a pole.    The defendant operates an electric light plant under a franchise granted by the town council, and the new pole was to be set to replace an old one used in supporting the wires which carried the electric current.    Negligence of defendant is charged in leaving the hole uncovered and unguarded for several days.    This was in the residence portion of the town.    There was no sidewalk nor curb, and the old pole was situated just inside of the curb-line.    There was a foot path, about two feet wide, about where the sidewalk should have been, and the hole was dug beside the old pole, the hole cutting a few inches into the side of the path.    Mrs. Rogers was walking along the path in the day time, and stepped on the edge of the hole, and the earth caved, allowing her foot to slip into the hole.    She fell, and was severely injured.    She testified that she did not know the hole was there, and did not see it until she fell.    There was no other testimony tending to show that she knew the hole was there.    She stated that she did not remember in what direction she was looking at the time.    Another witness testified that she was looking away from the direction of the hole, back towards a house on which the witness and another carpenter were at work.

Leaving the hole uncovered was sufficient to warrant a submission to the jury of the charge of negligence against the defendant.    *Helena Gas Co.* v. *Rogers,* 98 Ark. 413.

Defendant objects to instructions given at plaintiff's request, on the ground that they erroneously state, as a matter of fact, that it constituted negligence to leave the hole open and uncov-

ered, instead of submitting the question to the jury whether or not that constituted negligence. Defendant is not, however, in position to complain of the giving of those instructions, for it asked and the court gave other instructions, embracing the statement of law that there was a duty resting on defendant to exercise care to keep the hole covered.

Defendant pleaded contributory negligence on the part of Mrs. Rogers in failing to see the hole before she stepped into it, and it is insisted that the court should, on the undisputed evidence, declare, as a matter of law, that she was guilty of negligence which bars recovery of damages. The hole was 18 or 20 inches across the top and about five feet deep. It extended about 12 inches inwards towards the path beyond the line of the old pole. There was some evidence that the path was fringed with fennel on both sides. This might have obscured the hole to some extent, though witnesses testified that it could be seen by a pedestrian going in that direction. No one testified that the removed earth was piled near the hole. We do not think it should be said as a matter of law that Mrs. Rogers was guilty of negligence in failing to discover the hole before she stepped into it. A traveler, going along a public pathway or sidewalk, who has no knowledge of a hole or other obstruction, has the right to assume that the way is in a reasonably safe condition, and may act upon that assumption, but must exercise the degree of care for his safety which a reasonably prudent person is expected to employ under similar circumstances. In other words, he must exercise ordinary care for his own safety, notwithstanding his right to assume that the way is reasonably safe. He is not bound to keep his eyes centered on the walk ahead, but, on the other hand, he can not shut his eyes to the danger or otherwise put himself in position that he cannot discover and avoid danger. The evidence in this case shows, at most, only that Mrs. Rogers was inattentive and momentarily looked away from the path. She was not walking backwards, nor did she constantly keep her eyes turned in another direction so that she could not see the pathway ahead. Under those circumstances it was a question for the jury whether or not she was guilty of negligence. Different minds might reasonably draw different conclusions as to that, and it should have been left to the jury. Elliott on Roads & Streets,

§ § 635, 637, 638; *Weber* v. *Union, etc., Co.,* 118 La. 77; *McCormack* v. *Robin* (La.) 52 So. 779; *Cantwell* v. *Appleton,* 71 Wis. 463; *Crites* v. *New Richmond,* 98 Wis. 55; *Hignett* v. *Inhabitants of Norridgewock,* 105 Me. 189; *Dempsey* v. *Rome,* 94 Ga. 420; *McQuillan* v. *Seattle,* 10 Wash. 464; *Palestine* v. *Addington,* 75 S. W. (Tex.) 322; *Barry* v. *Terkildsen,* 72 Cal. 254. In the California case cited above the court used the following very appropriate language, which is applicable to the present case:

"A sidewalk of a street in a city not near a crossing may be taken by one passing over it to be a safe and not a dangerous place. In this case the respondent had a right to presume that the sidewalk was in the same condition in which she had always found it; and the fact that her attention was momentarily attracted in another direction—a thing of the most common occurrence to travelers along a street—falls far short of that contributory negligence which in law defeats an action for damages."

The case of *Crites* v. *New Richmond, supra,* was one where the injured party had previous knowledge of the defect in the sidewalk, and the court held that this did not necessarily convict him of negligence in failing to take notice of it when he approached it. The court said:

"The mere fact that the plaintiff had previous knowledge of the defect in the sidewalk, and was familiar with it, and considered it dangerous, does not establish contributory negligence as a matter of law. The defect was not one that could be regarded as imminently dangerous, and, as held in *Wheeler* v. *Westport,* 30 Wis. 392, and *Cuthbert* v. *Appleton,* 24 Wis. 383, the plaintiff was not bound at all times, by day or by night, when passing over the walk, to bear in mind the defect in it, and think of it, though he knew it was there and considered that it was dangerous. The plaintiff's mind may have been·busied with some train of thought until he was in close proximity to the defect or hole, when he was made conscious of the presence of his acquaintance, Heffron, on the other side of the street, and whom he accosted, when a hasty colloquy occurred, during which he looked at his acquaintance, and did not look at the walk or for the hole, walking along perhaps ten or fifteen steps, when he stepped in the hole and received his injuries. That the events thus detailed should have occurred as stated by the plaintiff is

quite natural, and that his attention should have been momentarily diverted and occupied by his meeting his acquaintance and what passed between them. * * * Whether he was guilty of contributory negligence or not was a question for the jury, and depended upon the inferences which the jury might fairly draw from all the facts and circumstances in evidence, and the opinion they might form as to the prudence of his conduct. In all cases in which the inference of contributory negligence, or the absence of it, is in doubt, giving to the testimony the construction most favorable to the party charged therewith, the question is for the jury."

Error of the court is also assigned in refusing to give the following instruction:

"11. If you believe from the testimony that the plaintiff knew at the time she walked along this walk that said walk was rough or washed out in places, then it was the duty of the plaintiff to look before she stepped; and if she fell and was injured while not looking or paying attention to where she was walking, your verdict should be for the defendant."

The rough or washed-out condition of the pathway had nothing to do with the injury to Mrs. Rogers; therefore it would not have been proper to submit to the jury the question of her knowledge of, and failure to look out for, those defects. The fact that she knew of those defects in the path did not necessarily require her to look where she stepped, for she may have been sufficiently familiar with the path to avoid danger from that source without looking. A person accustomed to walk an uneven path may avoid the ordinary dangers thereof without looking, and the fact that he fails to look does not necessarily convict him of negligence in failing to look for defects and obstructions which are unusual and of which he had no information.

We are of the opinion that the case was submitted on instructions of which defendant has no right to complain, and that the evidence sustains the verdict.

Affirmed.