Collins vs. The City of Janesville.

COLLINS, by guardian *ad litem*, Respondent, vs. THE CITY OF JANESVILLE, Appellant.

*September 6 — September 24, 1901.*

*Municipal corporations: Injury from defective sidewalk: Evidence: Immaterial errors: Experts: Hypothetical questions: Leading questions: Use of sidewalk for play: Presumption as to safe condition: Knowledge of defects: Instructions to jury: Damages:* Res judicata: *Appeal: Taxation of costs.*

1. In an action against a city to recover for injuries to plaintiff's leg near the ankle, alleged to have been caused by a defect in the sidewalk, a witness who had observed the manner in which plaintiff used her foot in walking after recovery, although not an expert, may testify as to what he saw regarding such use.

2. In such a case testimony of a witness that he knew at what place in the sidewalk it was claimed plaintiff was injured is immaterial, but its admission, in view of the other evidence, is *held* not to have been prejudicial.

3. Where an objection to evidence is properly made the trial court should decide the question presented according to principles of law as it understands them, and should not admit the evidence because counsel is willing to take his chances of reversal on appeal.

4. One of plaintiff's expert witnesses, who had testified to finding some chronic inflammation in the ankle joint was asked if there was usually a recovery from inflammation in the joint within six years,

counsel stating in effect that he was speaking with reference to such a case as the one under discussion. *Held*, that an objection on the ground that the question did not call for an opinion based on such a case as the one under investigation, was improperly sustained.

5. The claim being made by defendant that the accident happened by reason of the plaintiff falling from a fence, one of defendant's witnesses was asked a direct question as to whether she did not see the accident happen in that way. On a general objection the question was ruled out. *Held*, that the ruling was proper, the question being leading.

6. The refusal to give an instruction requested is not error where it is given in substance in the general charge.

7. An instruction to the effect that if a child, while using the sidewalk in going from one place to another, incidentally indulges in some play or pastime, but is not thereby diverted from going straight to her destination, she is a traveler in the eye of the law, and that if plaintiff was using the walk in going directly from her home to a neighbor's, as she claims, and at the same time was accompanied by children who were playing, but she did not stop to play with them, or if she was engaged in any pastime incidentally but was not thereby diverted from going straight to her destination, she was a traveler, is *held* not to have been erroneous, especially where followed by an instruction that "if, on the other hand, you believe and find that she started from her home to her neighbor's and was diverted from this purpose and stopped to play with other children, and she was injured on the sidewalk while engaged in playing, she cannot recover."

8. If a person knows of a dangerous defect in a sidewalk and is injured thereby, it is presumed, in the absence of evidence to the contrary, that he remembered it and was negligent; but the presumption is rebuttable and gives way so readily to explanatory circumstances that any reasonable excuse for the forgetfulness is sufficient to carry the case to the jury on the question of the plaintiff's contributory negligence.

9. Where the plaintiff in an action to recover for injuries caused by a defective sidewalk knew of the defect, the error in giving instructions applicable to a case where such knowledge was wanting is *held* not to have been cured by an instruction that if a person knows of a dangerous defect in the sidewalk he must use greater care than if he is ignorant thereof.

10. A decision as to the amount of damages recoverable on a given state of facts in a particular case, when once rendered in the supreme

court is *res judicata* and absolutely controlling in such case, the same as a decision upon any other question.

**11.** No direction as to the taxation of costs having been given when a case was decided, the clerk properly refused to pass upon the questions whether the printed case was made up in compliance with the rules and whether a reply brief was necessary.

APPEAL from a judgment of the circuit court for Dane county: R. G. SIEBECKER, Circuit Judge. *Reversed.*

Action to recover for personal injuries said to have been caused by a defective sidewalk. The defense covered all the material facts alleged in the complaint except the fact that plaintiff received an injury. It was claimed by defendant, among other things, that the injury was caused by a fall from a fence; also that the injury was attributable to contributory negligence on the part of plaintiff. There was evidence to establish the material allegations of the complaint, and evidence to go to the jury on the question of where the injury occurred, the nature of it, and the subject of contributory fault on plaintiff's part. The defect in the walk, the nature of the injury and its effect, which the evidence established or tended to establish, were as follows:

There was a hole in the sidewalk large enough to admit plaintiff's foot. The hole had existed for a considerable length of time to the knowledge of defendant and plaintiff as well. Plaintiff was traveling on the sidewalk about 8 o'clock in the evening in June, 1895, and while so traveling her foot went into the hole, causing her to fall and break the small bone of her leg a little above the ankle joint; also to strain and injure the ligaments, muscles, and tendons of the leg and ankle at or near the point of the fracture. As a result of the injury plaintiff was confined to her bed about a month, was thereafter for about a month obliged to be carried when she moved about, and thereafter for about two and one-half months she was obliged to use a crutch or cane in walking. She suffered considerable pain. The use of the

injured limb and foot has been restored except that plaintiff limps slightly, suffers some pain in damp weather, cannot use the limb as freely as formerly in walking up and down stairs or in dancing, the use of the limb by walking or standing for a considerable length of time causes some pain and some swelling of the ankle, and there is some chronic inflammation of the ligaments of the ankle joint and some enlargement of the tissues at that point, causing some tenderness and slight loss of motion of the ankle and foot.

Plaintiff was about fourteen years of age when she received the injury. The jury found in her favor in the sum of $2,800, for which judgment was rendered with costs.

*F. C. Burpee*, city attorney, for the appellant.

*J. J. Cunningham*, for the respondent.

MARSHALL, J. A witness who had observed the manner in which respondent used her foot in walking after she recovered from her injury, so far as recovery had taken place up to the time of the trial, was permitted against objection by appellant's counsel to answer a question as to what she saw regarding such use. That is assigned as error upon the ground that the witness was not an expert. We fail to see anything in the question to suggest that it called for opinion evidence of any kind. The answer that the witness gave was not responsive to the question and possibly was objectionable, but no motion was made to strike it out, so no error can be considered except as to the question itself. It was certainly competent for any one who had seen the girl walk to state how she handled her foot, whether she limped or favored it in any way, and that was the sole nature of the information called for by the question objected to.

A witness for respondent was permitted to testify that he knew at what place on the walk it was claimed she was injured and to state the place. The meaning of the question

is not clear. It may have been directed to whether the witness knew where respondent claimed she was injured at or about the time he observed the defect in the sidewalk, or that he knew where she claimed on the trial the injury took place, or that he knew where she was reputed to have received the injury. In either event the evidence does not seem competent. But in view of the other evidence in the case we are not prepared to say it was prejudicial. The better way was to sustain the objection. Whether the witness knew where respondent or any one else claimed she was injured was not material to the case or to the witness's competency to testify in regard to the existence of the defect, which was the real purpose for which he was called.

A physician who testified as an expert was permitted to give his opinion, on the theory that there was evidence in the case tending to prove that respondent's injury included a strain of the ligaments of her limb extending from the place of the bone fracture down to the heel. As we read the evidence the assumption was well grounded. Dr. Pember, who treated the injured limb, testified that the fracture of the small bone of the leg was accompanied by a straining of the ligaments and other injuries that are characteristic of fractures about or near the ankle joint and also below that point. Dr. Harper testified that upon examination of the girl's foot he found that an abnormal condition of the ligaments existed about the ankle joint and at the upper portion of the heel bone. There is other evidence fully justifying the assumption complained of.

A long and somewhat indefinite question to one of the experts called by respondent was condemned by the court. Nevertheless, on respondent's counsel pressing for permission to have it answered, permission was granted, the circuit judge indicating that he was still of the opinion that the question was so indefinite as to be objectionable, but said that it might be answered at the risk of counsel. In

*Boltz v. Sullivan,* 101 Wis. 608, this court took occasion to criticise that method of dealing with a judicial question. We reaffirm what was there said. When an objection to evidence is properly made upon a trial it should be considered and the question presented decided according to the right of the matter as the court understands it. It is highly improper to decide such a question regardless of principles of law merely because counsel is willing to take his chances upon the reviewing court upholding his view. Such a decision has no element in it of judicial determination which appellate courts are created to review. It contains merely the judgment of the favored attorney, though in form it is the judgment of the court. In regard to the question itself we shall not spend much time. In our judgment it might have been made more concise. It is far from being a model, yet we are not prepared to say that it was prejudicially indefinite or that it contained any assumption which could not be referred to evidence in the case which the jury had a right to believe. It was evidently well understood by the witness. In that view we must hold that there was no reversible error committed in permitting it to be answered.

For the purpose of testing the weight that should be given to the evidence of one of the physicians who gave opinion evidence in favor of respondent, and who said that he discovered on an examination of her foot that there was some chronic inflammation in the ankle joint, he was asked if there was usually a recovery as to inflammation in the joint within six years' time, counsel stating, in effect, to the court and the witness that he was speaking with reference to such a case as the one under investigation. A general objection to the question was sustained upon the ground that it did not call for an opinion based on such a case as the one made by the evidence. That was clearly wrong, because counsel said distinctly that he referred in his ques-

tion to such a case. The witness should have been permitted to answer.

For the purpose of showing that respondent received her injury by falling from a fence at or about the line of the sidewalk, one of appellant's witnesses was asked a direct question as to whether she did not see the accident happen that way. Upon a general objection thereto the question was ruled out, no reason being assigned therefor. The ruling was proper on the ground that the question was leading.

Several exceptions to refusals to instruct the jury as requested by appellant's counsel are called to our attention. It does not appear necessary to refer to them in detail. All the refused instructions, so far as material, seem to have been given in substance in the general charge.

The court instructed the jury that 'if a child, while using the sidewalk in going from one place to another, incidentally indulges in some pastime or play, but is not thereby diverted from going straight to her destination, she is a traveler in the eye of the law, and that if respondent was using the walk in going directly from her home to a neighbor's, as she claims, and at the same time she was accompanied by children who were playing, but she did not stop to play with them, or if she was engaged in any pastime incidentally but was not thereby diverted from going straight to her destination, she was a traveler.' That is claimed to be an erroneous statement of the law. It is clear that the purpose was to instruct the jury in accordance with the rule laid down in *Reed v. Madison*, 83 Wis. 171, where the court said, in effect, that if a child, in using a sidewalk to go from place to place, incidentally rolls her hoop as she walks along, she is nevertheless a traveler and entitled to the protection of the law as regards the duty of a municipality to keep its sidewalks in a reasonably safe condition. Appellant's counsel says the language of the court was not sufficiently clear to prevent the jury from getting the idea that a child, while

journeying upon a sidewalk, may incidentally stop to play without losing her character as a traveler. The reason for that contention is not perceived by the most careful reading of the instruction complained of, especially in view of the fact that following the instruction the court said: "If, on the other hand, you believe and find that she started from her home to her neighbor's and was diverted from this purpose and stopped to play with other children, and she was injured on the sidewalk while engaged in playing, she cannot recover."

The court further instructed the jury that, " Persons walking on a sidewalk have a right to presume that it is in a reasonably safe condition for travel, and the traveler is not called upon to look especially as to whether such walk is in a sufficiently safe condition and properly maintained or not; and so ordinary care on the part of a traveler is presumed upon this ground." It being undisputed that respondent knew of the defect before the accident, that instruction was clearly erroneous and prejudicially misleading. The same instruction was given upon the former trial, and was condemned in unmistakable language. *Collins v. Janesville*, 107 Wis. 436. No good reason is perceived why it was repeated. The idea that a person with knowledge of a dangerous defect in a sidewalk can use it regardless thereof, that is, with the presumption that there is no such defect, is erroneous to a high degree. The better way was to omit the instruction. Having given it, the court should have stated that it did not apply to the facts of this case because respondent knew of the defect; that such circumstance displaced the presumption that would otherwise exist in her favor and required some evidence, direct or circumstantial, reasonably sufficient to overcome the presumption of negligence raised by such knowledge, by showing that she was proceeding upon the walk paying attention to the necessity of avoiding the danger, or that she forgot the existence of

it and that her forgetfulness under the circumstances was consistent with ordinary care. Some courts have held that if a person knows of a dangerous defect in a sidewalk he is bound at his peril to remember it. *Gilman v. Deerfield,* 15 Gray, 577; *Bruker v. Covington,* 69 Ind. 35. But this court, in harmony with the weight of authority, holds to the more reasonable and humane rule that a person may forget the existence of a defect in a street or sidewalk and thereby receive a personal injury, and yet be in the exercise of ordinary care. *Cuthbert v. Appleton,* 24 Wis. 383; *Wheeler v. Westport,* 30 Wis. 392; *Simonds v. Baraboo,* 93 Wis. 40; *Crites v. New Richmond,* 98 Wis. 55. An examination of those cases will show that the law is that if a person knows of a dangerous defect in a sidewalk and is injured thereby, it is presumed, in the absence of evidence to the contrary, that he remembered it and was negligent, but that the presumption is rebuttable and gives way so readily to explanatory circumstances that any reasonable excuse for the forgetfulness is sufficient to carry the case to the jury on the question of the plaintiff's contributory negligence.

In *Wheeler v. Westport* there was proof that the injury happened on a dark night and that the injured person was a physician on his way to attend a patient; that he was familiar with the defect, but was engaged in conversation with the messenger who summoned him, by reason whereof, in momentary forgetfulness of the known danger, he collided with it. Under those circumstances it was held that the jury were justified in saying that the failure to remember was consistent with ordinary care. In *Crites v. New Richmond,* the proof was that as the injured person was traveling upon the sidewalk an acquaintance called to him from the opposite side of the street; that his attention was thereby diverted from the walk upon which he was traveling, by reason whereof he stepped into a hole in the walk, with which he was familiar, and which was in plain sight, and

was injured.  In *Cumisky v. Kenosha*, 87 Wis. 286, plaintiff
fell over a dangerous ridge of ice on a sidewalk.  She knew
of the obstruction and had passed over it but a few hours
before.  When the accident happened she was hurrying
along to avoid meeting a large number of workmen who
had just stopped work for the day and were about to leave
the shop to go to their homes.  She was a nervous, timid
woman.  The desire to avoid meeting the men engrossed
her thoughts and diverted her attention from the walk.
Just before arriving at the obstruction she looked in the
direction of the men to see if they were coming.  Such cir-
cumstances were deemed sufficient to carry the case to the
jury, notwithstanding the woman's knowledge of the dan-
gerous condition of the walk.  "Such facts and circum-
stances," said the court, "have often been held by this court
to destroy the effect of the plaintiff's previous knowledge of
the defect as the ground of contributory negligence, and
repel the presumption of negligence from the plaintiff's pre-
vious notice and knowledge of the obstruction, and that the
jury might properly so consider them."

Enough has been said to demonstrate clearly the errone-
ous character of the instruction above considered.  We
might have rested the decision in regard thereto on what
was said upon the former appeal.  In view of that decision,
as before indicated, the instruction should not have been
repeated.  Probably the trial court supposed that it was
rendered harmless by coupling with it an instruction to the
effect that if a person knows of a dangerous defect in a
sidewalk he must use greater care than if he is ignorant
thereof.  Counsel for respondent seeks to sustain the in-
struction on that theory.  The added statement left unim-
paired the erroneous instruction, for the jury were still left
to be guided by the idea that, notwithstanding respondent's
knowledge of the defect, she yet had a right to presume
that the walk was in a reasonably safe condition for her use

and might recover without any evidence whatever to excuse her for not remembering and avoiding it.

On the former appeal a verdict of $1,700 was held excessive. Counsel for appellant, by reference to that, insists that the present judgment of $2,800 for damages must be reversed. To sustain it, the claim is made that the evidence in the record before us is substantially different from that formerly reviewed. A careful reading and comparison of the evidence in the two records fails to sustain that view. The evidence of respondent on the last trial is substantially identical with that given by her before. More evidence was given on the last trial corroborative of her testimony than was given before, but that does not count for much, as the former decision was made upon the theory that the jury had a right to believe the plaintiff's story as to the effect of the injury, to its fullest extent. A greater-number of experts were sworn on the last trial than on the trial which preceded it, but the increase upon the one side was balanced by a corresponding increase upon the other. The nature of the expert evidence is substantially as before. On the whole the situation is this: Respondent suffered a simple fracture of the small bone of the left leg near the ankle joint, with a straining of the ligaments necessarily characteristic of such an injury. There was a recovery from the injury in the usual course of events so that respondent has regained the full use of her limb except as to some slight impairment that does not and will not seriously interfere with her power to earn money and take care of herself or with her comfort and enjoyment. She has a slight limp, not easily perceptible unless one's attention is called particularly to it. She has some pain at times in the region of the ankle joint in damp or rainy weather, but none of any serious nature. The same is true in case she stands on her feet all day. There is a tendency of the joint to swell on such occasions. She experiences no difficulty with her foot

otherwise than as stated, except when she steps backward.
Then there is a slight drawing of the muscles around the
ankle.   There is no evidence of the injury now that can be
readily discovered by merely observing the foot and limb
at and near the fracture and by comparing them with the
other foot and limb, though there is some thickening of the
ligaments and some chronic inflammation in the joint, such
as is liable to exist in such cases.   The clear weight of the
expert testimony is to the effect that the girl now has and
will continue to have substantially the full use of her foot,
though some tenderness and weakness has been and will be
experienced in damp weather, when the foot is subjected to
hard usage, and slightly at other times.   For the injury thus
described the jury gives a verdict equivalent to an annuity
of $200 per year for the full period of the girl's expectancy
of life.   If, under any circumstances, such a recovery could
be sustained, it cannot in this case in view of the former
decision.   A decision as to the amount of damages recover-
able on a given state of facts in a particular case, when
once rendered in this court, is *res adjudicata* and absolutely
controlling in such case the same as a decision upon any
other question.   A verdict for more than the amount once
held erroneous because excessive cannot thereafter be held
good upon the same or substantially the same evidence be-
cause sanctioned by a second or any number of juries. Other-
wise all that would be necessary to secure the success of
a perverse verdict would be to have the mischief of it sanc-
tioned by a second jury.

  *By the Court.*— The judgment of the circuit court is re-
versed, and the cause remanded for a new trial.

  This case was decided September 24, 1901.  No direction
was given in the opinion as to the taxation of costs.   Ob-
jection was made before the clerk to costs in appellant's
favor for printing a considerable part of the case and for

printing a reply brief. It was claimed that unnecessary matter was included in the case in violation of the rules on that subject, and that the reply brief, so called, was not such in fact and was entirely unnecessary. The objections were overruled. A motion was made for a retaxation of costs upon the ground that the clerk erred in deciding upon the objections mentioned.

*Geo. G. Sutherland,* for the motion.

*F. C. Burpee, contra.*

The following opinion was filed November 29, 1901:

MARSHALL, J. No directions having been given to the clerk when the case was decided, as to whether the successful party should be allowed full costs for printing the case and costs for the reply brief, the clerk, under the rule established in *Fairbank v. Newton,* 48 Wis. 384, properly refused to pass upon the question of whether such case was made up in compliance with the court rules, or whether the reply brief was necessary. It was there said that, "In all cases where no direction is given to the clerk when the case is decided, in respect to the taxation for printing cases and briefs, he will tax for such disbursements according to the established rules;" and the court held that, in such circumstances, error in allowing for unnecessary printing is error of the court in not giving the clerk directions at the time of deciding the case, which cannot be reached by a motion for a review of the taxation of costs, but must be corrected, if at all, by a motion to correct the judgment, which, obviously, would be in the nature of a motion for a rehearing. The case to which we have referred is decisive of this question. The clerk followed what was impliedly the decision of the court as to allowing the successful party costs for printing. There are cases where the ruling of the clerk on objections to the allowance of disbursements for printing cases and briefs has been overruled on a motion for a re-

taxation of costs.   See *Baker v. Madison*, 62 Wis. 152, 153; *Crouse v. C. & N. W. R. Co.* 102 Wis. 209, 211.   But in no such case was the question of whether the error was an error of the clerk or of the court suggested by counsel or in the mind of the court in deciding upon the motion for a retaxation.   That was the precise question considered in *Fairbank v. Newton, supra,* and the decision thereof does not appear to have been overruled in any subsequent case. It follows that the motion for retaxation of costs must be denied with $10 costs, wholly upon the ground that, regardless of whether the disbursements claimed by appellant for printing as allowed by the clerk are excessive, the clerk did not commit any error in making such allowance.

   *By the Court.*— So ordered.