STRACK, Respondent, vs. CITY OF MILWAUKEE, Appellant.

*February 27—March 22, 1904.*

*Injury from defective sidewalk: Who is a traveler: Contributory negligence: Knowledge of defect.*

1. The occupant of a corner building who, upon returning home at night and finding the front entrance locked, went upon the sidewalk around the corner to a side entrance, was a traveler upon the street within the contemplation of sec. 1339, Stats. 1898, giving a right of recovery for injuries sustained by reason of any insufficiency or want of repair in a street.

2. Plaintiff was injured at night by stepping into a hole in the
sidewalk near his dwelling. The night was dark, and the
street lights had been extinguished. Plaintiff had for some
time known, generally, of the defective condition of the walk
at or near the place of accident, but did not at the time have
it in mind, as he was thinking of the serious nature of the
illness of a friend he had just left. *Held*, that the question of
contributory negligence was properly left to the jury.

APPEAL from a judgment of the superior court of Milwaukee county: ORREN T. WILLIAMS, Judge. *Affirmed.*

This is an appeal from a judgment in favor of respondent for damages and costs in the sum of $2,482.74. The action is brought to recover damages for personal injuries sustained by respondent by falling on the sidewalk in the street of appellant city at about 9:30 o'clock on the evening of July 11, 1901.

Respondent prior to the date of the accident had for some time occupied a portion of a building at the northwest corner of Twelfth and Wine streets, in the city of Milwaukee. The building had three stories. The third story was occupied by a photograph gallery. The first story, fronting on Twelfth street, was occupied by respondent as a saloon, over which his family resided, and through which they were accustomed to pass in going to their living rooms above. The only other means of access to these living rooms was by a stairway on Wine street. The rear portions of the first and second stories were rented to two different families, who used the Wine street entrance.

When plaintiff arrived at his home on the evening of the accident, he found the Twelfth street door leading to his apartments locked, and he returned to the street, to go to the Wine street entrance. When walking on the sidewalk, and about to turn to enter the building, he caught his foot in a hole in the sidewalk, and was thrown to the ground, sustaining the injuries for which he claims damages in this action.

The seriousness of the injuries is unquestioned. The defective condition of the sidewalk and appellant's notice thereof are admitted. Respondent had been aware, generally, of the defective condition of the walk for several months before the accident, and it is alleged that his want of ordinary care contributed to produce the accident and injuries.

*Carl Runge,* city attorney, for the appellant, to the point that, the plaintiff not being such a traveler as is contemplated by the statute, the defendant is not liable, cited *Harper v. Milwaukee,* 30 Wis. 365; *Reed v. Madison,* 83 Wis. 171; *Toutloff v. Green Bay,* 91 Wis. 490; Wharton, Negligence (2d ed.) 767, § 991; *Richards v. Enfield,* 13 Gray, 344; *Leslie v. Lewiston,* 62 Me. 468; 2 Thompson, Negligence, 755; Shearman & Redf. Negligence, §§ 370, 713; *Ball v. Winchester,* 32 N. H. 435; *Stinson v. Gardiner,* 42 Me. 248; *Willard v. Cambridge,* 3 Allen, 574; *Peck v. Ellsworth,* 36 Me. 393; *Gilman v. Laconia,* 55 N. H. 130; *Sykes v. Pawlet,* 43 Vt. 446; *Steele v. Boston,* 128 Mass. 583; *McDougall v. Salem,* 110 Mass. 21; *Kellogg v. Northampton,* 4 Gray, 65; *Burt v. Boston,* 122 Mass. 223–227; *Atwill v. Blatz,* 118 Wis. 226, 95 N. W. 99; *Mellen v. Morrill,* 126 Mass. 545, 546; *Carleton v. Franconia I. & S. Co.* 99 Mass. 216; *Cole v. McKee,* 66 Wis. 500; *Dowling v. Nuebling,* 97 Wis. 350.

For the respondent there was a brief by *Lenicheck, Fairchild & Boesel,* and oral argument by *F. T. Boesel.*

SIEBECKER, J. Respondent was injured on the evening of July 11, 1901, by falling on the sidewalk in the street adjacent to the building occupied by him as a tenant. It appears that he was called to the house of an acquaintance, some distance from his home and place of business, at about 8 o'clock in the evening. Upon his return, at about 9 o'clock, he found the entrance to his saloon and dwelling apartments locked. Being unable to enter, he returned to the sidewalk,

went to the south corner of the lot, and then westward on the sidewalk for about sixty feet, to a point near the side entrance. Near this entrance, and when he was about to turn toward the steps leading to the side entrance door, he stepped into a hole in the board sidewalk, causing him to fall, and resulting in the injuries of which he complains. Respondent had known, generally, the defective condition of the walk at or near the place of accident for some time before the accident occurred. He testifies that he was thinking of the serious nature of the sickness of the friend he had just left, and did not at the time have in mind the defective condition of the walk. He also stated that the street lights were extinguished at the time, and that the night was dark, on account of a foggy mist. The defect consisted of a hole in the board walk. It also appeared that there were a number of similar defects in the walk near the place of accident, and that these had existed for some months. The appellant city offered no testimony in the case.

It is contended that respondent was not a traveler upon the street, as contemplated by sec. 1339, Stats. 1898, giving persons the right to recover damages for injuries sustained by reason of any insufficiency or want of repair in a street. This is asserted upon the ground that respondent was a tenant of a part of the building abutting upon the street in question, and was using the sidewalk merely as such occupant of the abutting premises, and not as a traveler upon the public highway. Respondent used the walk, as shown by the evidence, in all respects the same as persons ordinarily use sidewalks, and his mode of travel did not differ from the use he made of the sidewalks in passing over them on his previous trip that evening It is not disputed but that he retraced his steps from the entrance door to his apartments of the building to the sidewalk, then walked upon it for the purpose of passing to the corner of Twelfth and Wine streets, thence westerly for about sixty feet to the point of his desti-

nation, and before turning from his travel he came in contact with the defect in the street. Under such circumstances, respondent must certainly be deemed to be using the streets for the ordinary purposes of a traveler, and any injury caused him by an insufficiency or want of repair will entitle him to recover the damages resulting to him, if free from any want of ordinary care contributing to the result.

It is urged the court should have directed the jury to find upon the evidence that respondent was guilty of contributory negligence. It is unnecessary to give further details of the evidence upon this branch of the case. The case presents a state of facts from which it cannot be said that respondent's want of ordinary care in traveling on the street at the time and place in question is clearly established. As stated in *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087:

"The law is that if a person knows of a dangerous defect in a sidewalk and is injured thereby, it is presumed, in the absence of evidence to the contrary, that he remembered it and was negligent, but that the presumption is rebuttable and gives way so readily to explanatory circumstances that any reasonable excuse for the forgetfulness is sufficient to carry the case to the jury on the question of plaintiff's contributory negligence."

Upon the facts and circumstances of the case, the court properly submitted this question to the jury. We find no error in the case.

*By the Court.*—Judgment affirmed.