WILLMER, Respondent, vs. GOEBEL, Appellant.

*December 18, 1908—January 5, 1909.*

*Municipal corporations: Defects in sidewalks: Liability of abutting owner: General city charter: Adoption of subchapter: Repeal of provisions of special charter.*

The charter of the city of Fond du Lac (sec. 1, subch. 18, ch. 152, Laws of 1883) makes it the duty of abutting owners to keep in repair sidewalks in front of their premises, and then imposes a liability for failure to comply with that duty. The common council of that city, by ordinance, adopted subch. XIX, ch. 40a (secs. 925—201 to 925—207), Stats. (1898), pertaining to sidewalks, "in lieu of the provisions now existing upon said subject in the special charter governing said city." Under the provisions of sec. 926, Stats. (1898), a city desiring to adopt a portion of the general charter law may adopt any section or chap-

ter thereof "in addition to or in lieu of" the provisions of its special charter. *Held* that, by reason of the passage of such ordinance, sec. 1, subch. 18, of the special charter of the city of Fond du Lac was repealed, and that after such repeal no right of action could arise in favor of an injured party against a property owner by reason of a defect in a sidewalk abutting on his premises.

APPEAL from an order of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

The appeal is from an order overruling a general demurrer to the complaint. The action is brought to recover damages from the defendant by reason of an injury sustained on account of an alleged defective sidewalk which it was the duty of the defendant to keep in a proper state of repair. The plaintiff relies upon the provisions of the special charter of the city of Fond du Lac for authority to maintain the action against the defendant as abutting owner. If the provisions of such special charter are still in force, it is conceded that the action is properly brought against the defendant. It is the contention of the defendant that the city of Fond du Lac, after adopting certain portions of the general charter law relating to sidewalks, repealed that portion of the special charter of the city upon which plaintiff relies to maintain her action.

For the appellant there was a brief by *Doyle & Hardgrove,* and oral argument by *T. L. Doyle.*

For the respondent there was a brief by *Morse & Williams,* and oral argument by *R. L. Morse.*

BARNES, J. By ch. 152, Laws of 1883, the charter of the city of Fond du Lac was revised. It was subsequently amended in various particulars, but such amendments do not affect this case except in one particular, which will be referred to later. Such charter contained provisions empowering the common council of the city to order sidewalks to be laid, repaired, and relaid upon such streets as it deemed necessary at the expense of abutting owners, and, in the event

of the failure of such owners themselves to make such im-
provements within a stated period after they were notified so
to do, the city was authorized to do the work and charge the
expense against the abutting property by way of a special
tax. With one exception, practically all of the important
provisions of the charter relating to sidewalks are contained
in subch. 11 of said ch. 152. The exception referred to is
sec. 1, subch. 18, of the charter, and reads as follows:

"Every corporation, association, or society, owning, and
each and every owner of any lot, part of lot, or parcel of
land, in said city, upon, along, in front of, or adjoining which
there shall have been or shall hereafter be placed, constructed,
or laid, any walk, or sidewalk, for the use or accommodation
of the public to walk upon, shall at all times keep and main-
tain said walk, or cause the same to be kept and maintained
in a safe, convenient and effective condition, for the use of
any person or persons desirous to walk thereon; and any per-
son who may have been or shall hereafter be injured by rea-
son of the unsafe or defective condition of such walk or side-
walk, shall have the right to maintain an action in any court
of record against such owner or owners, for all damages or
injury of every nature, resulting to such person or persons
by reason of the neglect of such owner to maintain, or caused
or cause to be maintained, such walk or sidewalk in a safe,
convenient and effective condition; provided, that no action
shall be maintained against such owner, unless the same be
commenced within one year from the time such injury shall
have happened to the person so claiming such damages."

The requirement of this section that abutting owners
should keep the sidewalks adjacent to their property in an
efficient state of repair, and that they should be primarily
liable for any injury occasioned by failure so to do, is too
plain to admit of doubt or equivocation. *Devine v. Fond
du Lac,* 113 Wis. 61, 88 N. W. 913. Sec. 926, Stats.
(1898), provides that any city operating under a special
charter

"may adopt the provisions of any subchapter, section or sub-
division of any section of ch. 40a [general charter law], and
may exercise any power or franchise thereby conferred upon

cities organized under said chapter, in addition to or in lieu of the provisions of its special charter and the powers and franchises therein specified, by an ordinance adopted for that purpose, . . . and when adopted as herein prescribed such ordinance shall operate to that extent as an amendment of such charter."

In *Hay v. Baraboo,* 127 Wis. 1, 17, 105 N. W. 654, 660,. this court held that "the necessary effect of adopting a part of the general charter by a city existing under a special charter is to place such city *pro tanto* under the general law as the same may be from time to time changed."

By its ordinance published July 11, 1904, the city of Fond du Lac adopted a portion of the general charter law. By sec. 1 of the ordinance, secs. 925—172 to 925—200 were adopted in lieu of the then existing provisions of the special charter on the subject of city improvements. By sec. 2 of such ordinance, subch. XIX, ch. 40a (secs. 925—201 to 925—207), pertaining to sidewalks, and all acts amendatory thereof, were "adopted in lieu of the provisions now existing upon said subject in the special charter governing said city." Secs. 925—201 to 925—207 contain a complete scheme for the building and repairing of sidewalks. The width, the grade, and the construction material may be prescribed by the proper city officers. It is made the duty of the abutting owner to build or rebuild the walk adjacent to his property at his own expense when ordered so to do by the city authorities. In the event of his failure or refusal to comply, the city is authorized to construct the walk and the expense thereof is chargeable against the abutting property. Secs. 925—201 to 925—207, aforesaid, were originally defective in not imposing any duty upon the lotowner to make such repairs as did not render necessary the construction of an entirely new walk and in not empowering the board of public works to make the repair until after the lapse of more than ten days from the time the walk became defective. To. supply an apparent omission from the law in this regard,

sec. 925—205 was amended by ch. 173, Laws of 1899, and by ch. 159, Laws of 1905, and again by sec. 2, ch. 674, Laws of 1907. The law of 1907 did not become effective until after the occurrence of the injury complained of, but for the purposes of this case the amendment of 1907 is not material. The amendment of 1905 provided that "in all cases where the sidewalk shall be out of repair, should such portion thereof be in such condition that the board of public works do not deem it necessary to order the removal of the whole thereof, it shall be the duty of the board of public works to repair the same."

The principal difference between the provisions of the special charter of the city of Fond du Lac pertaining to sidewalks and those contained in the general charter law, which were adopted by the city, in so far as the same are material in this case, would seem to be that under the special charter the lotowner was charged with the duty to keep and maintain the sidewalk adjacent to his property at all times in a safe, convenient, and effective condition, and was made primarily liable to persons suffering injury by reason of his failure to comply with such requirements, while the general charter imposed upon the lotowner the burden of building a sidewalk in the first instance, or rebuilding such walk when it became necessary and he was ordered by the proper authorities so to do, but imposed upon the city the duty of making needed repairs where a part only of the walk was defective, and no liability was imposed upon the property owner for damages resulting from his failure to build, rebuild, or repair his sidewalk.

It will be observed that under the provisions of sec. 926, heretofore quoted, a city desiring to adopt a portion of the general charter law might adopt any section or chapter of the same "in addition to or in lieu of" the provisions of its special charter. The city of Fond du Lac adopted the provisions of the general charter law relating to sidewalks "in lieu" of the

provisions of its special charter existing upon the subject, and not "in addition" thereto.    Certainly sec. 1 of subch. 18 of the special charter of the city contained a provision upon the subject of sidewalks, and there would seem to be no escape from the conclusion that at least so much of said sec. 1 as imposed upon the lotowner the duty of keeping the sidewalk adjacent to his property at all times in a convenient and effective condition has been superseded and repealed by the adoption of the provisions of the general charter law upon the subject.    The only doubtful question is whether the portion of said sec. 1 pertaining to the liability of the abutting owner remains after the part prescribing the duty of the lotowner in reference to sidewalks is eliminated.

Said sec. 1 is a consistent act taken in its entirety.    It first prescribes a duty and then imposes a liability for failure to comply with the duty.    The duty prescribed by that section is not the duty prescribed by the general charter law in at least two particulars.    In the event of a part only of the sidewalk becoming defective, as when a plank is broken in a walk that is otherwise in good condition, under the general charter law the duty of making the repair seems to be lodged with the city and not with the abutting owner. Neither, under such charter, is there any duty imposed upon the abutting owner to build an entirely new walk, no matter how defective the old one has become, until he is ordered so to do by the city.    If the liability proviso of the special charter still exists, then the abutting owner may be held liable for the negligence of the city in failing to perform a duty which the law commands it to perform.    Such owner may also be held liable for an injury which is not the result of his negligence, in that no legal duty is imposed upon him to make certain repairs, or even to rebuild his walk, in the absence of a direction from the city council.

The section of the special charter referred to is so punctuated that it makes but one complete sentence.    The liability

portion of it seems to be reasonably dependent upon the part which imposes the duty to keep in repair. It would be a forced construction to hold that one part has been repealed and the other retained. It is doubtful if the liability part of the statute would have been enacted in the absence of the part thereof creating and defining the duty. The entire section is certainly a provision of the special charter of the city of Fond du Lac existing upon the subject of sidewalks.

When the provisions of the general charter law relating to sidewalks are adopted in lieu of the provisions of the special charter on such subject (and one of the provisions of the special charter makes the abutting owner liable for injuries sustained by reason of a defect in a sidewalk adjacent to his property), it seems logical enough to say that the statute creating the liability is a provision relating to sidewalks. Sec. 1 of subch. 18 of the special charter in its entirety, and the two component parts thereof, come fairly within the express terms of the ordinance which adopts the provisions of the general charter law on the subject of sidewalks in lieu of the provisions contained in the special charter on such subject. The conclusion follows that, by reason of the passage of the ordinance referred to, sec. 1 of subch. 18 of the special charter of the city of Fond du Lac was repealed, and that after such repeal no right of action could arise in favor of an injured party against a property owner by reason of such a defect in a sidewalk as is alleged in the complaint herein.

*By the Court.*—The order of the circuit court is reversed, and the cause is remanded with directions to sustain the demurrer to the complaint.