BLOCK, Respondent, vs. CITY OF FOND DU LAC, Appellant.

*November 13—December 7, 1909.*

*Municipal corporations: Adoption of parts of general charter: What
provisions of special charter, repealed: Injuries from defective
sidewalks: Liability: Notice.*

1. Where, pursuant to sec. 926, Stats. (1898), a city has adopted sec-
   tions of the general charter law "in lieu of the provisions of its
   special charter," the adopted sections do not supersede any part
   of the special charter not within the same subject matter nor
   dependent upon the expressly displaced provisions.
2. Secs. 925—201 to 925—207 of the general charter law having, when
   adopted by the city of Fond du Lac, superseded the provisions
   of its special charter which made it the duty of lotowners to
   keep the sidewalks in repair and made them primarily liable
   for injuries caused by failure to perform that duty, the further
   provision imposing upon the city a secondary liability for such
   defaults of lotowners was also, by necessary implication, super-
   seded; and, the exemption of the city (under sec. 2, subch. 18,
   of its charter) from liability under the general law being de-
   pendent upon and compensatory of the liabilities above men-
   tioned, the abolition of those liabilities abolished that exemp-
   tion.
3. In the absence of any special exemption from liability for injuries
   caused by defective walks, and of any liability specially created,
   the liability of a city in such a case is governed by sec. 1339,
   Stats. (1898).
4. Sec. 6b, subch. 18, of the charter of Fond du Lac (sec. 4, ch. 435,
   Laws of 1889),—requiring, as a condition precedent to the right
   to recover, notice to the city within thirty days after an injury
   caused by insufficiency or want of repair in any of the public
   ways of the city,—was not repealed by the adoption of secs.
   925—201 to 925—207 of the general charter law, relating to the
   construction and repair of sidewalks.

APPEAL from a judgment of the circuit court for Fond du
Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action to recover for an injury alleged to have been caused
to plaintiff by an insufficient sidewalk in defendant city.

The injury was received October 29, 1907. Notice of the

claim therefor was served on the city clerk of defendant November 22, 1907, and a like notice was served upon the alderman of the ward where the injury occurred, November 26, 1907. The issues formed by the pleadings, respecting conflict in the evidence, were submitted to the jury, resulting in a finding that plaintiff was injured, as alleged, and that his recoverable damages were $1,500.

. Judgment was rendered accordingly, exceptions being saved to raise questions discussed in the opinion.

*L. E. Lurvey,* for the appellant.

*O. H. Ecke* and *W. W. Hughes,* for the respondent.

MARSHALL, J.    The principal question raised on the appeal is, Did the provisions of the defendant's special charter, respecting conditions of the right to recover compensation of the city for a personal injury caused by insufficiency of a sidewalk, remain in force after secs. 925—201 to 925—207, inclusive, Stats. (1898), of the general charter for cities, relating to sidewalks, were adopted in lieu of the special charter provisions on the same subject?

The adopted parts relate wholly to the construction and repair of sidewalks and keeping the same in a proper state of repair. They do not provide for any right of action against the city for injuries received by travelers because of insufficient sidewalks, nor prescribe any condition for the existence, nor any procedure for the enforcement, of any such right. So, necessarily, they did not supersede any part of the special charter, not within the same subject matter, nor dependent upon the expressly displaced provisions.

The subject referred to is found in the special charter at subd. 4, sec. 5, subch. 11, ch. 152, Laws of 1883, and a clause of sec. 1, subch. 18, making it the duty of lotowners to keep sidewalks in front of their premises in repair.

Subch. 18 is entitled "Miscellaneous Provisions." In connection with creating the duty of lotowners to keep sidewalks

in repair, any such owner failing to perform such duty was made liable to recompense any other person who, while walking thereon, should be injured by reason of such failure. Thus the duty to repair was made the basis of the liability. So it was recently held that the adoption of the general charter provision abolishing the duty, by necessary implication abolished the liability. *Willmer v. Goebel,* 137 Wis. 419, 119 N. W. 115.

By sec. 2 of subch. 18 aforesaid—explanatory of sec. 1 and, obviously, to negative any purpose to create a new right against the city, as to any person injured by reason of a sidewalk deficiency, and express a definite purpose to take the city out of the field covered by sec. 1339, Stats. (1898), leaving it not liable at all, strictly speaking, on the ground of negligence for any injury happening because of insufficiency of any sidewalk—it was provided as follows:

"It is hereby declared to be the true meaning and intent of this act, . . . that the city of *Fond du Lac* shall not, in any case, be liable to any person or persons, for damages resulting from the defective, unsafe or dangerous condition of any walk or sidewalk, . . . and the only cause of action to which the said city of *Fond du Lac* shall be liable, . . . shall be by reason of the failure of any person or persons to collect a judgment recovered against such owner, or owners, or corporation or society, for any such damages, resulting from such injuries, as hereinbefore stated."

The city's liability has been, not inaptly, called that of a guarantor. *Schaefer v. Fond du Lac,* 99 Wis. 333, 74 N. W. 810; *Devine v. Fond du Lac,* 113 Wis. 61, 88 N. W. 913.

It must be, and is, as I understand it, conceded, that, in the absence of any special exemption of a city from liability, in a case of this sort, and of any liability of the city specially created, the case would fall under sec. 1339, Stats. (1898). The decisions are uniform to that effect.

Now by the logic of *Willmer v. Goebel, supra,* abolition of the liability of the lotowner carried with it, necessarily, aboli-

tion of the liability for such lotowner's default, and, as exemption of the city from liability under sec. 1339, Stats. (1898), was compensatory, so to speak, of liability of the lotowner for his negligence and liability of the city for his default, respecting payment of the judgment against him, on account of his negligence,—the abolition of such two liabilities, necessarily, carried therewith exemption from liability under sec. 1339.

We have thus referred to all of the special charter respecting construction and repair of sidewalks. That part of subch. 18, relating to the right to recover for personal injuries, held, in *Willmer v. Goebel, supra,* to have been repealed, was not so held because of anything on the same subject being in the adopted provisions; but because such provisions displaced a portion of the old charter upon which such part depended.

There was added to subch. 18 of the old charter, by sec. 4, ch. 435, Laws of 1889, designated as sec. 6b, a provision making the right of any one to recover for any "injury or damage to" his "person or property, occurring by reason of the insufficiency or want of repair of any . . . sidewalk . . . in the city of *Fond du Lac,*" dependent on his having served on the city, as therein prescribed, a notice "within thirty days from the time" of the happening of the injury or damage, except in a class of cases not material here. It is conceded that such provision has been complied with, but insisted that it was repealed by adoption of the general charter provisions, so that the right of plaintiff to recover for his damages was dependent upon his serving notice on the city within fifteen days after the happening of the injury, in compliance with sec. 1339, Stats. (1898).

We are unable to appreciate counsel's reasoning, that the repeal of those portions of the special charter on the subject of the construction and repair of sidewalks, and those on the subject of liability dependent thereon, not including any liability, strictly speaking, of the city for negligence, also re-

pealed the provision relating to procedure to enforce common-law rights, and the condition of the existence of statutory rights of the nature of the one claimed here.

Sec. 6*b* referred to the whole subject of municipal liability for insufficiency of public ways, whether caused by neglect to perform a statutory duty, or by the creation of a nuisance by municipal act or permission. No reason is perceived why those portions of the charter repealed, necessarily affected sec. 6*b*, and, certainly, it does not cover anything included in the subject dealt with by those provisions of the general law adopted. It seems that the situation is the same as it would be if the city had been liable under sec. 1339 and sec. 6*b* had been enacted, making compliance with it a condition of the right under the general liability law. So, on this branch of the case, the decision must be for respondent.

The only other question raised is as to whether the judgment, including $1,375 for compensation for plaintiff's bodily injuries, is excessive. The writer is of the opinion that the award is materially too large to be warranted by the evidence, but the court is of a contrary opinion.

*By the Court.*—The judgment is affirmed.