ZOELLNER, Respondent, vs. CITY OF FOND DU LAC, Appellant.

*October 26—November 14, 1911.*

*Municipal corporations: Defective sidewalks: Injury to pedestrian: Notice, upon whom served: Contributory negligence: Knowledge of defect: Reasonable excuse for forgetfulness: Instructions to jury: Damages.*

1. By the adoption of portions of the general charter by the defendant city many of the former duties of the sidewalk superintendent devolved upon the board of public works.  Pursuant to a resolution of the council authorizing employment of a sidewalk *inspector* at a salary of $2 per day, one M. was employed by said board.  Afterwards an ordinance fixing salaries of officers fixed that of the sidewalk *superintendent* at $600

Zoellner v. Fond du Lac, 147 Wis. 300.

per year. M.'s duties related solely to the construction, repair, and inspection of sidewalks. He signed his reports and notices as sidewalk *superintendent*, and was recognized as such by the city. *Held*, that service upon him of notice of an injury from defects in a sidewalk was a compliance with a charter requirement that such notice be served upon the sidewalk superintendent of the city.

2. The legislature may provide for service of such a notice upon an agent or employee of the city who is not an officer thereof; so that, even if by the adoption of the general charter provisions the sidewalk superintendent was reduced from an officer of the city to a mere employee, that fact did not invalidate the service upon him.

3. The fact that he knew of the defect in a sidewalk, though raising a presumption of contributory negligence on the part of a person injured by reason of such defect, does not conclusively establish such negligence.

4. Where a carpenter seventy-one years old was injured by reason of the loose condition of boards in a sidewalk,—the defects being hidden and, though known to him, temporarily forgotten,—evidence that he was at the time walking home after his day's work, carrying his tools in his hand and conversing with his daughter, was sufficient to make it a question for the jury whether or not his forgetfulness was consistent with ordinary care.

5. A charge to the jury in such case which, after stating that upon the question of contributory negligence the burden of proof was upon the defendant, and after defining ordinary care, further stated that if the plaintiff had knowledge of the defect previous to the accident "such circumstance requires some evidence . . . reasonably sufficient to overcome the presumption of negligence raised by such knowledge, either by showing that plaintiff was proceeding upon the walk paying attention to the necessity of avoiding the danger, or that he forgot the existence of it and that his forgetfulness under the circumstances was consistent with ordinary care," was not erroneous as being likely to lead the jury to infer that the burden was upon the defendant to show excusable forgetfulness on the part of plaintiff.

6. An award of $900 for an injury sustained by a carpenter seventy-one years old and earning $2.50 per day, by which he had a hole cut through his face into his mouth, two teeth destroyed and others injured, and was confined to his bed two weeks and to his house two months, and which caused rigidity and pain in his back over a year after the accident, is *held* not excessive.

APPEAL from a judgment of the circuit court for Fond du Lac county: CHESTER A. FOWLER, Circuit Judge. *Affirmed.*

Action for personal injuries sustained by reason of a defect in a sidewalk. On the 8th day of May, 1909, at about 6:30 in the evening, the plaintiff, accompanied by his daughter, was walking home from his work along the sidewalk on the south side of Main street in the defendant city, carrying some carpenter tools in his hands. When at a point on said sidewalk about twelve feet north of the north line of Twelfth street, one or more of the boards, when stepped upon, tipped up, causing the plaintiff to catch his foot thereon and to fall with great violence upon the sidewalk. It is claimed the stringers of the walk, which ran lengthwise, had become so rotten that six of the boards at the place of the injury were loose and entirely unfastened, and that the boards themselves were more or less decayed. Notice of the injury was served upon one G. F. McEntee, claimed to be the sidewalk superintendent of the defendant city. The jury, by special verdict, found (1) that the boards of the sidewalk at the place where plaintiff fell were loose from the stringers; (2) that such loose condition of the boards rendered the walk at the place unsafe for public use; (3) that such loose condition of the boards was the proximate cause of plaintiff's injuries; (4) that the city authorities in the exercise of reasonable diligence ought to have repaired the walk prior to the time of plaintiff's fall; (5) that there was no want of ordinary care on the part of plaintiff that contributed to produce his injuries; and (6) that plaintiff was damaged in the sum of $900. From a judgment entered thereon in favor of the plaintiff the defendant appealed.

*L. E. Lurvey,* for the appellant.

*R. L. Morse,* for the respondent.

VINJE, J. The defendant claims (1) that the notice of injury was not served upon the proper officer of the city;

(2) that plaintiff was guilty of contributory negligence as a matter of law; (3) that the court erred in its charge to the jury relative to the question of contributory negligence; and (4) that the damages are excessive.

It appears that the notice of injury was served upon one G. F. McEntee. Plaintiff claims that at the time of the service of notice upon him he was the sidewalk superintendent of the city, while the defendant asserts there was no such officer. The defendant city was organized under a special charter (Laws of 1883, ch. 152), and sec. 6b of subch. 18 thereof, added in 1889 (Laws of 1889, ch. 435, sec. 4), provides that no action shall lie against the city on account of an injury or damage to any person or property occurring by reason of the insufficiency or want of repair of any sidewalk in said city unless a notice in writing shall have first been given to the street commissioner or sidewalk superintendent of the city, or an alderman of the ward within which the injury or damage shall have occurred, within thirty days from the time such injury or damage shall have happened. In 1904, pursuant to the provisions of sec. 926, Stats. (1898), the city of *Fond du Lac* adopted secs. 925—23 to 925—30, inclusive, except sec. 925—29, secs. 925—78 to 925—94, inclusive, and secs. 925—201 to 925—207, inclusive, in lieu of similar provisions of its special charter. But in *Block v. Fond du Lac,* 141 Wis. 85, 123 N. W. 654, it was held that notwithstanding the adoption of secs. 925—201 to 925—207, relating to the construction and repair of sidewalks, sec. 6b, subch. 18, remained in force. Hence if Mr. McEntee was not sidewalk superintendent of the city within the meaning of sec. 6b, there was no proper service upon the city.

The result of the adoption of the sections above referred to was to place in the board of public works many of the most important duties which under the special charter had devolved upon the sidewalk superintendent. Nevertheless the city, in April, 1908, adopted a resolution that the board of public works be authorized to employ a sidewalk *inspector* at

a salary not to exceed $2 per day, and on the 2d of February, 1909, it adopted an ordinance fixing the salaries of certain city officers, and among others that of the sidewalk *superintendent* at $600.   On May 4, 1908, Mr. McEntee was employed by the board of public works, but for no definite term, took no oath of office, gave no bond, and was paid at the rate of $2 per day.   He inspected sidewalks, made reports to the board of public works and to the common council, served notices to repair, etc., upon property owners, and signed his reports and notices as sidewalk superintendent.   His whole duties related solely to the construction, repair, and inspection of sidewalks. Sometimes, as a matter of accommodation, he would report defects in streets to the street commissioner and the latter would occasionally report sidewalk defects to him.   In view of the duties he performed and the fact that the city recognized him as sidewalk superintendent, we think he was such within the meaning of sec. 6*b* and that service upon him constituted service upon the city.   It is not necessary that service should be made upon an officer of a city.   The legislature may properly designate service to be made upon an agent or employee thereof.   So even if it be conceded that by the adoption of the general charter provisions the sidewalk superintendent was reduced from an officer of the city to a mere employee thereof, that fact would not invalidate the service upon him if he was still the person designated upon whom service might be made.   That the sidewalk superintendent named in sec. 6*b* was such person was held in *Block v. Fond du Lac,* 141 Wis. 85, 123 N. W. 654.

It is claimed that the plaintiff had knowledge of the defective condition of the walk prior to the injury and that no reasonable excuse was shown for his failure to remember that fact and properly protect himself, and that he was therefore guilty of contributory negligence under the decisions in *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087, and

*Petrich v. Union,* 117 Wis. 46, 93 N. W. 819. In the latter case the rule is stated thus:

"A traveler, knowing of the existence of a defect in a highway, may temporarily forget the existence of such defect, and yet be in the exercise of ordinary care; that it will be presumed, in the absence of evidence to the contrary, that he remembered the defect, and was negligent in falling into it, but that this presumption will give way to explanatory circumstances appearing in the evidence, showing a reasonable excuse for forgetfulness; and that, when such circumstances are shown, the question is one for the jury."

The mere fact that plaintiff knew of the defect in the sidewalk and still used it did not conclusively establish contributory negligence. *Simonds v. Baraboo,* 93 Wis. 40, 67 N. W. 40; *Salzer v. Milwaukee,* 97 Wis. 471, 73 N. W. 20; *Crites v. New Richmond,* 98 Wis. 55, 73 N. W. 322; *Wolf v. C. & N. W. R. Co.* 131 Wis. 335, 111 N. W. 514. In the instant case plaintiff testified that he knew of loose boards in the walk, but that he did not have that fact in mind when he was walking along at the time he was injured. He offers no affirmative oral excuse or explanation why he did not. The question therefore is, Are there any explanatory circumstances appearing in the evidence showing a reasonable excuse for forgetfulness? Plaintiff was a carpenter by trade, seventy-one years old. He was going home with his daughter after a day's work, carrying his tools in his hand. He does not recollect that they were conversing at the time. She, however, testifies that they were. But even if they were not, we think it was a question for the jury to determine whether or not under the circumstances of this case he was guilty of negligence in forgetting the existence of loose boards in the walk, and that their finding that he was not cannot be disturbed. He was in company with his daughter, carrying tools in his hands; presumably his attention was somewhat engrossed by what he was doing and by the fact of companionship; and if they were conversing, as the daughter testifies,

that would be sufficient to account for his not remembering the condition of the walk. While the explanatory circumstances tending to excuse forgetfulness are not of the strongest character, yet they are sufficient to constitute a question for the jury. Rather slight circumstances have been held sufficient to carry such a question to the jury. *Wolf v. C. & N. W. R. Co.* 131 Wis. 335, 111 N. W. 514. Moreover, it is not easy to perceive how a recollection of the defect could have enabled him to protect himself from injury unless they had left the walk entirely, for even if one preceded the other in the middle of the walk, which was about five feet wide, far enough ahead to prevent the other from stumbling on a board tipped up by him, it does not follow that he might not tip himself. The evidence shows the stringers were very rotten and that the boards also were decayed. That being so, even if a person walked in the middle he might break a board, tip it up, and stumble on it. The defects were hidden and of such a nature that it was practically impossible to securely protect oneself against them short of not using the sidewalk at all. It is otherwise in the case of open, obvious defects, such as the visible ditch or gully in the case of *Petrich v. Union,* 117 Wis. 46, 93 N. W. 819, and the hole in the sidewalk in the case of *Collins v. Janesville,* 111 Wis. 348, 87 N. W. 241, 1087.

Upon the question of contributory negligence the court instructed the jury that the burden of proof was upon the defendant. It defined ordinary care and then said:

"If the plaintiff had knowledge of the existence of the defect claimed previous to the accident, such circumstance requires some evidence, direct or circumstantial, reasonably sufficient to overcome the presumption of negligence raised by such knowledge, either by showing that plaintiff was proceeding upon the walk paying attention to the necessity of avoiding the danger, or that he forgot the existence of it and that his forgetfulness under the circumstances was consistent with ordinary care."

Defendant claims that this instruction confused the jury as to the burden of proof; that they might infer from it that

the burden was upon the defendant to show excusable forgetfulness on the part of plaintiff. Such a construction seems. unreasonable, and we do not believe the jury so understood it. The fair import of the instruction is that when it was established that plaintiff knew of the defect before the accident, then the duty devolved upon him to show that he proceeded attentive to the necessity of avoiding danger, or that he forgot the existence of the defect and that such forgetfulness was under the circumstances excusable.

Plaintiff was awarded $900 damages. It is claimed the award is excessive. At the time of his injury he was seventy-one years old and earning $2.50 per day. There was evidence tending to show that he had a hole cut through his face into his mouth; two teeth destroyed and two others injured; that he was confined to his bed two weeks and to his house two months; and that his back received such an injury that there was rigidity and pain in it over a year after the accident. The amount of damages awarded cannot be held excessive.

*By the Court.*—Judgment affirmed.